SEYFARTH SHAW LLP
Eric Michael Lloyd (SBN 254390)
elloyd@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone:    (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Frederick T. Smith (*admitted pro hac vice*)
fsmith@seyfarth.com
Esther Slater McDonald (*admitted pro hac vice*)
emcdonald@seyfarth.com
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia  30309-3958
Telephone:    (404) 885-1500
Facsimile:    (404) 892-7056

Attorneys for Defendant
FIRST ADVANTAGE BACKGROUND SERVICES CORP.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS CHISM, on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO, INC., a North Carolina Corporation; FRITO-LAY, INC., a Delaware Corporation; FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida Corporation; and DOES 1 through 100, Inclusive,<br><br>Defendants. | Case No. 3:17-cv-00152-VC<br><br>**DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'s NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:              May 25, 2017<br>Time:             10:00 a.m.<br>Courtroom:    4<br><br>Complaint Filed:     January 12, 2017<br>Complaint Served:  January 23, 2017 |

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

# **TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION .................................................................................... 1

RELIEF SOUGHT ..................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2

STATEMENT OF ISSUES TO BE DECIDED ........................................................................ 2

INTRODUCTION ...................................................................................................................... 2

BACKGROUND ........................................................................................................................ 3

LEGAL STANDARD ................................................................................................................. 4

ARGUMENT .............................................................................................................................. 5

I.   PLAINTIFF FAILS TO PROVIDE FAIR NOTICE OF HIS CLAIMS BECAUSE HE DOES NOT DISTINGUISH AMONG DEFENDANTS. ................................................. 5

II.  PLAINTIFF FAILS TO STATE A CLAIM BECAUSE THE STATUTORY PROVISIONS AT ISSUE DO NOT APPLY TO FIRST ADVANTAGE. ..................... 8

    A.   Section 1681b(b)(2) of the FCRA Applies Only to Users of Consumer Reports. .............. 8

    B.   Section 1681d(a)(1) of the FCRA Applies Only to Users of Consumer Reports. ............ 12

    C.   ICRAA Section 1786.16 and CCRAA Section 1785.20(a) Apply Only to Users of Consumer Reports. ........................................................................................................... 14

CONCLUSION ......................................................................................................................... 15

i

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Atuahene v. City of Hartford*,
   10 F. App'x 33 (2d Cir. 2001) ...................................................................................................5

*Barreras v. Travelers Home & Mar. Ins. Co.*,
   No. 12-cv-0354 .....................................................................................................................6, 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..............................................................................................................5, 7

*Ben-Hur v. Equifax Info. Servs., Inc.*,
   976 F. Supp. 795 (E.D. Wis. 1997) .........................................................................................13

*Cholla Ready Mix, Inc. v. Civish*,
   382 F.3d 969 (9th Cir. 2004) ....................................................................................................4

*Coleman v. Kohl's Dep't Stores, Inc.*,
   No. 15-cv-02588-JCS, 2015 WL 5782352 (N.D. Cal. Oct. 5, 2015) ......................................13

*Corazon v. Aurora Loan Servs., LLC*,
   No. 11-00542 SC, 2011 WL 1740099 (N.D. Cal. May 5, 2011) ......................................5, 6, 7

*Davis v. Mich. Dep't of Treasury*,
   489 U.S. 803 (1989) ..................................................................................................................8

*Dunson v. Cordis Corp.*,
   No. 16-CV-03076-SI, 2016 WL 3913666 (N.D. Cal. July 20, 2016) .......................................6

*E.D.C. Techs., Inc. v. Seidel*,
   No. 16-CV-03316-SI, 2016 WL 4549132 (N.D. Cal. Sept. 1, 2016) ........................................6

*Feisal v. Resol. Trust Corp.*,
   815 F. Supp. 344 (E.D. Cal. 1993) ............................................................................................8

*Gauvin v. Trombatore*,
   682 F. Supp. 1067 (N.D. Cal. 1988) .........................................................................................6

*Henry v. Forbes*,
   433 F. Supp. 5 (D. Minn. 1976) ..............................................................................................13

*Jajco, Inc. v. Leader Drug Stores, Inc.*,
   No. C 12-05703 PJH, 2013 WL 875957 (N.D. Cal. Mar. 7, 2013) ..........................................7

*Kelchner v. Sycamore Manor Health Ctr.*,
   135 F. App'x 499 (3d Cir. 2005) ...............................................................................................9

ii

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

*Lagrassa v. Jack Gaughen*,
  LLC, No. 09-cv-770, 2011 WL 1257371 (M.D. Pa. Mar. 30, 2011)......................................................11

*Lyshorn v. J.P.Morgan Chase Bank*,
  No. C 12-05490 JSW, 2013 WL 792632 (N.D. Cal. Mar. 4, 2013) ........................................................6

*Mathison v. Bumbo*,
  No. SA CV08-0369 DOC ANX, 2008 WL 8797937 (C.D. Cal. Aug. 18, 2008).................................8

*Mattiaccio v. DHA Group, Inc.*,
  21 F. Supp. 3d 15 (D.D.C. 2014) ...........................................................................................................11

*Middlebrooks v. Retail Credit Co.*,
  416 F. Supp. 1013 (N.D. Ga. 1976) .......................................................................................................13

*In re MyFord Touch Consumer Litig.*,
  46 F. Supp. 3d 936 (N.D. Cal. 2014) ......................................................................................................7

*Phillips v. County of Allegheny*,
  515 F.3d 224 (3d Cir. 2008) ....................................................................................................................5

*Powell v. Residential Mortg. Capital*,
  No. C 09-04928 JF (PVT), 2010 WL 2133011 (N.D. Cal. May 24, 2010) ...........................................5

*Republic of Ecuador v. Mackay*,
  742 F.3d 860 (9th Cir. 2014) ...................................................................................................................8

*Robbins v. Oklahoma*,
  519 F.3d 1242 (10th Cir. 2008) ......................................................................................................5, 6, 7

*Robinson v. Shell Oil Co.*,
  519 U.S. 337 (1997)..................................................................................................................................8

*Rosciano v. Experian*,
  No. CV-14-02102-PHX-NVW, 2015 WL 163383 (D. Ariz. Jan. 13, 2015) ..........................................7

*Sanders v. Brown*,
  504 F.3d 903 (9th Cir. 2007) ...................................................................................................................5

*Sollberger v. Wachovia Sec., LLC*,
  No. SACV 09-0766AGANX, 2010 WL 2674456 (C.D. Cal. June 30, 2010) ......................................5

*Wallis v. Centennial Ins. Co.*,
  927 F. Supp. 2d 909 (E.D. Cal. 2013).....................................................................................................7

**Federal Statutes**

15 U.S.C. § 1681a(f), (u) ................................................................................................................................9

15 U.S.C. § 1681b(b)(1) ..........................................................................................................................10, 11

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

15 U.S.C. § 1681b(b)(2) ................................................................................................................ *passim*

15 U.S.C. § 1681b(b)(2)(A) ................................................................................................... 2, 9, 12

15 U.S.C. § 1681b(b)(3) ......................................................................................................9, 10, 11

15 U.S.C. § 1681b(b)(3)(A) ..............................................................................................................9

15 U.S.C. § 1681d(a) ........................................................................................................... 12, 13, 14

15 U.S.C. § 1681d(a)(1) ..................................................................................................... 2, 12, 13, 14

15 U.S.C. § 1681g(c)(1)(A) .............................................................................................................14

**State Statutes**

Cal. Civ. Code § 1785.20(a) ....................................................................................................14, 15

Cal. Civ. Code § 1786.16 .................................................................................................................14

Cal. Civ. Code § 1786.16(a) .............................................................................................................14

Cal. Civ. Code § 1786.16(d) .............................................................................................................14

Cal. Civ. Code § 1786.22 ..................................................................................................................3

Cal. Lab. Code § 1024.5(a) ..............................................................................................................15

**Rules**

Federal Rule of Civil Procedure 8 .............................................................................................5, 6, 8

Federal Rule of Civil Procedure 8(a)(2) .....................................................................................1, 2, 4

Federal Rule of Civil Procedure 12(b)(6) ......................................................................................1, 5

**Other Authorities**

F.T.C. Report, "40 Years of Experience with the Fair Credit Reporting Act" (2011) ....................11, 14

F.T.C. Opinion Letter, "Advisory Opinion to Rosen" (June 9, 1998) ..........................................12

F.T.C. Opinion Letter, "Advisory Opinion to Beaudette" (June 9, 1998) ..................................12

H.R. Rep. No. 103-486, 103d Cong., 2d Sess. 30-31 (1994) ......................................................10

iv

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 25, 2017, at 10:00 a.m. in Courtroom 4 of this Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. will and hereby does move this Court for an Order under Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiff's first through fourth causes of action against First Advantage, without leave to amend.  This Motion is based on this Notice of Motion and Motion, the below Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, oral argument of counsel, and any other documents, files, pleadings or matters of which the Court may take judicial notice.

## RELIEF SOUGHT

First Advantage seeks an Order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiff's first through fourth causes of action against First Advantage with prejudice.  Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2) insofar as it contains conclusory allegations which do not distinguish among the Defendants.  Further, leave to amend would be futile because Plaintiff's claims against First Advantage fail as a matter of law—none of the statutory provisions that Plaintiff asserts were violated in this action apply to consumer reporting agencies such as First Advantage.  The Court should thus dismiss Plaintiff's first through fourth causes of action against First Advantage with prejudice.

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUES TO BE DECIDED

1.  Whether Plaintiff's Complaint contains "a short and plain statement of the claim[s] showing that [Plaintiff] is entitled to relief" against First Advantage in compliance with Fed. R. Civ. P. 8(a)(2).

2.  Whether Plaintiff's first through fourth causes of action against First Advantage should be dismissed with prejudice because the statutory provisions at issue do not apply to consumer reporting agencies such as First Advantage.

## INTRODUCTION

Plaintiff Marcus Chism applied for employment with PepsiCo, Inc. and/or Frito-Lay, Inc. (collectively, "Co-Defendants"). In connection with his employment application, PepsiCo or Frito-Lay ordered Plaintiff's background report from First Advantage Background Services Corp., a consumer reporting agency ("CRA"). In his Class Action Complaint, Plaintiff asserts four putative class claims for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), the California Investigative Consumer Reporting Agencies Act, Cal. Code Civ. § 1786 *et seq.* ("ICRAA"), and the California Consumer Credit Reporting Agencies Act, Cal. Code Civ. 1785 *et seq.* ("CCRAA").

Count I alleges that Defendants violated Section 1681b(b)(2)(A) of the FCRA by failing to disclose that they were going to procure Plaintiff's background report for employment purposes from a CRA and by failing to obtain his written authorization to do so. Count II alleges that Defendants violated Section 1681d(a)(1) of the FCRA by failing to disclose that they were going to procure Plaintiff's investigative background report from a CRA and that he could request a copy of the model summary of rights. Count III alleges that Defendants violated the ICRAA by failing to disclose that they were going to procure Plaintiff's background report for employment purposes from a CRA and by failing to obtain his written authorization to do so. Count IV alleges that Defendants violated the CCRAA by procuring Plaintiff's background report for employment purposes without first providing him written notice identifying the legal basis for using the report and identifying the CRA that would prepare the report.

2

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

Plaintiff fails to state a claim because his allegations are conclusory and lack particularity. Plaintiff asserts all counts against all Defendants without distinguishing among Defendants except to identify their states of incorporation.  Other allegations are stated generically against "Defendant" or "Defendants."  *Plaintiff does not allege any specific conduct by First Advantage.*  Even if Plaintiff had pled his claims with some specificity, Plaintiff's claims would fail as a matter of law because the statutory provisions at issue do not apply to CRAs like First Advantage.  The provisions apply to employers who procure and use background reports rather than to CRAs that prepare and furnish the reports.  For these reasons and because amendment is futile, Plaintiff's claims against First Advantage should be dismissed in their entirety with prejudice.

## BACKGROUND[1]

Plaintiff was employed by "Defendant," namely Frito-Lay, "from approximately October 2015 to September 2016.  (Compl. ¶ 6; Co-Defendants' Answer ¶ 6 (admitting that Frito-Lay employed Plaintiff).)  When Plaintiff applied for employment, "Defendants procured or caused to be prepared … a consumer report and/or investigative consumer report, as defined by [the FCRA]," on him.  (Compl. ¶ 27.)  "Defendants" used Plaintiff's report "in evaluating him and other class members for employment." (Compl. ¶ 27.)  "Defendants did not provide Plaintiff with required Disclosures and Authorizations" before procuring his report for employment purposes.  (Compl. ¶ 28.)  "Defendants only provided a Notice" under California law[2], stating:

> IMPORTANT NOTICE UNDER CALIFORNIA LAW
>
> First Advantage does not guarantee the accuracy or truthfulness of the information as the subject of the investigation, but only that it is accurately copied from public records. Information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of this report. In California, First Advantage shall provide a consumer seeking to obtain a copy of a report or making a request to review a file, a written notice in simple, plain English and Spanish setting forth the terms and conditions of his or her right to receive all disclosures.

(Compl. ¶ 29.)  Plaintiff did not sign any authorization to procure his report for employment purposes.

---

[1] First Advantage accepts the truth of the facts as pled in Plaintiff's Class Action Complaint solely for purposes of this motion.
[2] This notice appears to be the notice included in Plaintiff's report pursuant to California law.  *See* Cal. Civ. Code § 1786.22.

3

(Compl. ¶ 31.) "Defendants" also "procured investigative consumer reports or caused investigative consumer reports to be procured for Plaintiff and class members … without informing class members of their rights to request a written summary of their rights under the FCRA." (Compl. ¶ 35.) "Defendants" acted negligently and willfully in violating the law. (Compl. ¶¶ 34, 39, 67.) Defendants' willfulness "is reflected by … the following facts":

- "Defendants are a large corporation [sic] with access to legal advice" (Compl. ¶¶ 34, 64, 79.);

- "Defendants" have a "policy and practice of procuring investigative consumer reports or causing investigative consumer reports to be procured for applicants and employees without informing such applicants of their right to request a summary of their rights under the FCRA at the same time as the disclosure explaining that an investigative consumer report may be made" (Compl. ¶ 35.);

- "Defendants" have a "policy and practice of failing to provide adequate written disclosures to applicants and employees" before procuring background checks or credit reports or causing background checks or credit reports to be procured (Compl. ¶¶ 63, 78); and

- The "plain language" of the CCRAA "unambiguously" requires a disclosure that "must identify the specific basis … for use of the credit report and must identify the source of any credit report." (Compl. ¶ 79.)[3]

Plaintiff seeks to recover actual, statutory, and punitive damages; civil and statutory penalties; injunctive relief; attorneys' fees and costs; interest; and such other relief as the Court deems just and proper. (Compl. ¶¶ 38-39, 66-67, 81-82, Prayer for Relief.)

## LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The district court must accept "all facts alleged in the complaint as true and construing them in the light most favorable to the plaintiff." *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). "Conclusory allegations

---

[3] Although Plaintiff alleges additional facts in support of willfulness, it appears that Plaintiff cut and pasted text from another complaint raising different claims because the additional facts are inconsistent with Plaintiff's contention that he was not provided *any* disclosure and authorization form. *Compare* Compl. ¶¶ 32, 61 (alleging that "Defendants failed to provide Plaintiff with any Disclosures or Authorizations") *with* Compl. ¶¶ 34, 64 (alleging that the "disclosure form" contained "a liability release and other extraneous information"); *id.* ¶¶ 34, 79 (alleging that the "authorization" was "defective"). Because of this inconsistency, the additional allegations are irrelevant.

4

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

and unreasonable inferences, however, are insufficient to defeat a motion to dismiss." *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007).  Rather, a complaint must contain sufficient factual content to give the defendant "fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted).

Moreover, fair notice "depends on the type of case." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008).  "Context matters in notice pleading," and the degree of specificity required to provide fair notice increases with the complexity of a case.  *Id.*  Cases involving "complex claims against multiple defendants" often present "a greater likelihood of failures in notice and plausibility." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008).  Thus, *Twombly*'s fair-notice standard "may have greater bite in such contexts." *Id.*  A complaint that does not provide fair notice is subject to dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### I.  PLAINTIFF FAILS TO PROVIDE FAIR NOTICE OF HIS CLAIMS BECAUSE HE DOES NOT DISTINGUISH AMONG DEFENDANTS.

A complaint against multiple defendants that "uses the omnibus term 'Defendants' throughout" without identifying which defendant committed what wrongful acts is an impermissible pleading. *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) ("This shotgun pleading style deprives Defendants of knowing exactly what they are accused of doing wrong.").  "Failure to indicate which defendant was allegedly responsible for which wrongful act and to provide well-pleaded factual allegations in support of each cause of action renders the complaint deficient under Rule 8." *Corazon v. Aurora Loan Servs., LLC*, No. 11-00542 SC, 2011 WL 1740099, at *5 (N.D. Cal. May 5, 2011).  "Treating disparate parties identically without explanation … deprives each individual defendant a fair and meaningful opportunity to defend itself." *Powell v. Residential Mortg. Capital*, No. C 09-04928 JF (PVT), 2010 WL 2133011, at *3 (N.D. Cal. May 24, 2010).  Thus, "[u]ndifferentiated pleading against multiple defendants is improper." *Corazon*, 2011 WL 1740099 at *4 (quotation marks omitted); *see also Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (dismissing complaint that "failed to differentiate among the defendants, alleging instead violations by 'the defendants'" and "providing no factual basis to distinguish their conduct").

5

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

1  For example, in *Robbins*, the court held that undifferentiated pleading did not provide fair notice in a complex civil rights action involving multiple defendants. 519 F.3d at 1250. The court reasoned that, while a simple negligence action for a car accident would not require much specificity, an action alleging a conspiracy of multiple defendants to violate civil rights laws would require more detail. *Id.* at 1248-49. The court reasoned that context matters for fair notice and held that, a complaint against multiple defendants must "make clear exactly *who* is alleged to have done *what* to *whom*." *Id.* at 1250. Otherwise, it is "impossible" for a defendant to ascertain what wrongful acts it has committed. *Id.* This same principle applies to class actions asserting claims against multiple defendants. *See Barreras v. Travelers Home & Mar. Ins. Co.*, No. 12-cv-0354 RB/RHS, 2012 WL 12870348, at *6 (D.N.M. Oct. 17, 2012) (requiring a higher "degree of specificity" for a "class action lawsuit" brought against multiple defendants and dismissing complaint for "fail[ing] to differentiate among the four identified Defendants").

Likewise, for nearly thirty years, this Court has held that a plaintiff "must allege the basis of his claim against each defendant" to satisfy Rule 8 and has consistently dismissed pleadings that fail to differentiate among defendants. *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (dismissing claims where plaintiff did not allege facts as to each defendant "with any specificity" but instead "all defendants are lumped together"); *see also E.D.C. Techs., Inc. v. Seidel*, No. 16-CV-03316-SI, 2016 WL 4549132, at *9 (N.D. Cal. Sept. 1, 2016) (dismissing claims based on "undifferentiated pleading against multiple defendants"); *Dunson v. Cordis Corp.*, No. 16-CV-03076-SI, 2016 WL 3913666, at *3 (N.D. Cal. July 20, 2016) (same); *Lyshorn v. J.P.Morgan Chase Bank*, No. C 12-05490 JSW, 2013 WL 792632, at *2 (N.D. Cal. Mar. 4, 2013) (same).

For example, in *In re Sagent Tech, Inc.*, the Court held that a complaint "fail[ed] to state a claim because plaintiffs do not indicate which individual defendant or defendants were responsible for which alleged wrongful act." 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003). Similarly, in *Corazon*, the Court dismissed a complaint in which the plaintiff "simply refers to 'Defendants' in nearly all of her allegations," and, "[i]n the few allegations where she alleges misconduct by a singular defendant, she fails to specify which one." 2011 WL 1740099 at *4. The Court held that a defendant "should not be

6

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

required to guess which allegations pertain to it." *Id.*  The Court rejected the plaintiff's claim that her complaint was sufficient because it alleged, without factual support, that the actions of each defendant were "imputed" to the others.  *See id.*

As in *Robbins* and *Barreras*, this action involves complex claims against multiple defendants, and, thus, Plaintiff must identify who has done what and when to provide Defendants fair notice, but Plaintiff does not do this.  Rather, like the *Corazon* plaintiff, Plaintiff generally refers to "Defendant" or "Defendants" throughout his Class Action Complaint without specifying which Defendant or Defendants engaged in the conduct alleged.  (*See generally* Compl.)  In fact, the only particularized allegations in the complaint are those alleging Defendants' residencies.  (*See* Compl. ¶¶ 7-9.)  Plaintiff's failure to differentiate between First Advantage and Co-Defendants is "particularly troubling" because her allegations pertain to an employer's *procurement* of a consumer report rather than to a CRA's *furnishing* of a report.  *Corazon*, 2011 WL 1740089 at *4.  Plaintiff does not plead any facts showing how First Advantage, the CRA that furnished his report, was involved with procuring his report.

Instead, Plaintiff alleges without factual support that "each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, all Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other defendants." (Compl. ¶ 12.)  In *Corazon*, the Court rejected such pleading as "naked assertions," and the Court should do so here as well.  2011 WL 1740089 at *5; *see also In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 955–56 (N.D. Cal. 2014) ("[C]onclusory allegation of an agency relationship is not enough" to satisfy *Iqbal* and *Twombly*.); *Jajco, Inc. v. Leader Drug Stores, Inc.*, No. C 12-05703 PJH, 2013 WL 875957, at *2 (N.D. Cal. Mar. 7, 2013) (dismissing claim as insufficiently pled where plaintiff alleged that "defendants, and each of them, were an owner, co-owner, agent, representative, partner, and/or alter ego of its co-defendants, or otherwise acting on behalf of each and every remaining defendant"); *Wallis v. Centennial Ins. Co.*, 927 F. Supp. 2d 909, 916–17 (E.D. Cal. 2013) (same).[4]

---

[4] Moreover, the FCRA does not provide for vicarious liability.  *See Rosciano v. Experian*, No. CV-14-02102-PHX-NVW, 2015 WL 163383, at *3 (D. Ariz. Jan. 13, 2015) ("[T]he Court has found no case law suggesting that FCRA liability may be premised on "principles of agency.").

7

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

As the Central District of California explained in dismissing a class action complaint containing "a large and varied mass of accusations … failing to identify any particular party," such pleading "fails to provide adequate notice of the nature of Plaintiff's claims against each Defendant, and denies Defendants the opportunity to respond effectively." *Mathison v. Bumbo*, No. SA CV08-0369 DOC ANX, 2008 WL 8797937, at *3 (C.D. Cal. Aug. 18, 2008).  The allegations levied against "Defendants" here are no different and should lead to the same result: dismissal.  Because Plaintiff fails to plead his claims with particularity, he has not satisfied Rule 8, and his Class Action Complaint must be dismissed.

## II.  PLAINTIFF FAILS TO STATE A CLAIM BECAUSE THE STATUTORY PROVISIONS AT ISSUE DO NOT APPLY TO FIRST ADVANTAGE.

Moreover, Plaintiff's claims against First Advantage must be dismissed with prejudice because the statutory provisions at issue do not apply to First Advantage.  Thus, Plaintiff could not plead any particularized facts that would give rise to a claim against First Advantage under those provisions.

When construing a statute, the starting point is "the language of the statute itself." *Feisal v. Resol. Trust Corp.*, 815 F. Supp. 344, 346 (E.D. Cal. 1993).  To determine the plain meaning, a court begins with "the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997).  Word and phrases cannot be read in isolation. *Republic of Ecuador v. Mackay*, 742 F.3d 860, 864-65 (9th Cir. 2014).  They must be read "in their context and with a view to their place in the overall statutory scheme." *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989).  An interpretation should give effect to every provision; no provision should be rendered redundant. *Mackay*, 742 F.3d at 864-65.

### A.  Section 1681b(b)(2) of the FCRA Applies Only to Users of Consumer Reports.

Section 1681b(b) contains three subsections that set out separate and independent duties imposed on CRAs, and separate and independent duties imposed on employers.  By its terms, Section (b)(1) is the only one of these three subsections that directly applies to CRAs.  Sections (b)(2) and (b)(3), on the other hand, impose disclosure and notice requirements upon users of information in a consumer report, *i.e.*, employers and prospective employers.

8

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

Section 1681b(b)(2)(A) provides, in relevant part, that:

> Except as provided in subparagraph (B), *a person may not procure a consumer report, or cause a consumer report to be procured*, for employment purposes with respect to any consumer, unless—
>
> (i)  a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and
>
> (ii)  the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).  Similarly, Section 1681b(b)(3) provides "[c]onditions on use for adverse actions":

> Except as provided in subparagraph (B), *in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide* to the consumer to whom the report relates -- (i) a copy of the report; and (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

15 U.S.C. § 1681b(b)(3)(A) (emphasis added).  The express and unambiguous statutory text of Sections 1681b(b)(2) and (b)(3) makes clear that these sections do not apply to CRAs like First Advantage.

By its very text, Section 1681b(b)(2)'s requirement is imposed on persons who procure consumer reports for employment purposes.  The only entities that procure consumer reports for employment purposes are the user of those reports, employers.  In contrast, a CRA like First Advantage does not procure or obtain other consumer reports for employment purposes.  Rather, a CRA obtains those reports to fulfill its function as a CRA—to "assemble[] … information on consumers" or "merge[] information contained in the database of another consumer reporting agency … concerning any consumer" and to furnish a consumer report to a third party.  15 U.S.C. § 1681a(f), (u).  Section 1681b(b)(2) therefore imposes its obligations on the user of a consumer report—not the CRA that furnishes the consumer report to the user.  *See Kelchner v. Sycamore Manor Health Ctr.*, 135 F. App'x

9

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

499, 502 (3d Cir. 2005) (finding that statutory "requirement [under Section 1681b(b)(2)] that an employer obtain authorization 'at any time before the report is procured' is unambiguous").

Similarly, by its clear terms, Section 1681b(b)(3) imposes notice requirements upon users of information in a consumer report. In the employment context, users can only be employers and prospective employers; those are the only entities that can actually take, and therefore intend to take, employment-related adverse action. 15 U.S.C. § 1681b(b)(3); *see also* H.R. Rep. No. 103-486, 103d Cong., 2d Sess. 30-31 (1994) ("The bill also triggers special provisions when an employer contemplates taking adverse action based in whole or in part on a consumer report. Specifically, before taking adverse action regarding the consumer's current or prospective employment, an employer must provide to the consumer a copy of the report and a written description of the consumer's rights under the FCRA."). First Advantage is not, and cannot be, a "user" of its own consumer reports because it does not make employment decisions with respect to the applicants on whom it prepares consumer reports. Those decisions are made by the applicants' prospective employers.

The structure of Section 1681b(b) confirms this interplay between an employer's obligations and those of a CRA. In stark contrast to Sections (b)(2) and b(b)(3), Section (b)(1) expressly refers to a "consumer reporting agency," allowing it to furnish a consumer report for employment purposes only for a permissible purpose and only after certification from the employer that the employer will comply with its duties under Sections (b)(2) and (b)(3). 15 U.S.C. § 1681b(b)(1). If a CRA could be a "user" for purposes of Sections (b)(2) and (b)(3), there would be no need for the CRA to obtain a statement from itself certifying compliance with those subsections.

Courts addressing claims like Plaintiff's have agreed that Section 1681b(b)(2) applies to users, not CRAs. For example, in *Muir v. Early Warning Servs., LLC*, the district court held that "sections (b)(2) and (b)(3) do not apply to CRAs because the FCRA places distinct obligations on credit reporting agencies and users: section (b)(1) covers CRAs; sections (b)(2) and (b)(3) delineate the obligations of users." No. CV 16-521 (SRC), 2016 WL 4967792, at *3 (D.N.J. Sept. 16, 2016). The court reasoned that Section 1681b(b)(1) "explicitly addresses consumer reporting agencies," which are "provider[s] of information for the use of others." *Id.* The court stated that, because section (b)(1) "requires the report

10

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

user to certify compliance with sections (b)(2) and (b)(3) to the credit-reporting agency, the onus of in fact complying with these provisions must logically fall on the user." *Id.*

Similarly, in *Obabueki v. International Business Machines Corp.*, the district court discussed the interplay between Section 1681b(b)'s subsections and held that "contrary to plaintiff's suggestion, each of the subsections need not, and does not, prescribe obligations for both [consumer reporting] agencies and users [such as employers]. The second and third subsections both affect users. . . . On the other hand, the first subsection . . . sets forth obligations that an agency must satisfy before furnishing a consumer report." 145 F. Supp. 2d 371, 393 (S.D.N.Y. 2001); *see also Mattiaccio v. DHA Group, Inc.*, 21 F. Supp. 3d 15, 22 n.5 (D.D.C. 2014) (holding that a CRA "cannot be liable under § 1681b(b)(2), which applies only to 'users' of consumer reports"); *Lagrassa v. Jack Gaughen*, LLC, No. 09-cv-770, 2011 WL 1257371, at *2 (M.D. Pa. Mar. 30, 2011) ("Plaintiff cannot argue a violation of § 1681b(b)(2) because that provision applies only to *users* of a report, rather than agencies that furnish the report.") (emphasis in original).

Further, the FTC has issued guidance confirming that Section 1681b(b)(2) was never intended to apply to CRAs. In a July 2011 report, the FTC concluded that "Section [1681b(b)(2)(A)] imposes an obligation on *employers*. It requires that, before obtaining consumer reports for employment purposes, *employers* must disclose this fact." (Request for Judicial Notice, dated Apr. 17, 2017 ("RJN"), Ex. A, 40 Years of Experience with the Fair Credit Reporting Act, at 50-51 (emphasis added).) The report specifically identifies "employers" (i.e., users of credit reports) when discussing Section 1681b(b)(2), and not CRAs.

Multiple FTC opinion letters have reached the same conclusion that Section 1681b(b)(2) governs the conduct of employers or other users, and not CRAs. For instance, a 1998 FTC opinion letter states:

> An employer or any other user of consumer report information obtained from a CRA may have the CRA fulfill the user's ministerial obligations under the FCRA. For example, an employer may arrange for the CRA to provide any pre-adverse action disclosures required by [Section 1681b(b)(3)]. However, *the employer or other user remains responsible for any duty* imposed by FCRA and may be subject to liability if the duties are not performed by the CRA.

11

(RJN Ex. B, "Advisory Opinion to Rosen," William Haynes, FTC, Staff Op. Ltr. (June 9, 1998) (emphasis added).)  Another staff opinion letter advised a CRA representative that:

> [Y]our employer clients may arrange for you [the CRA] to make the [Section 1681b(b)(2) and (3)] disclosures, obtain written permission, and provide the notices required by these provisions.  If you assume these responsibilities, you should ensure that your procedures comply with the FCRA.  *Your employer clients, however, remain liable for any violations of the law that result from your actions.*

(RJN Ex. C, "Advisory Opinion to Beaudette," William Haynes, FTC, Staff Op. Ltr. (June 9, 1998) (emphasis added).)  The opinion letters make clear that the FTC does not contemplate that CRAs can be liable under Section 1681b(b)(2), which is, by its nature, a provision directed at users.

The only conceivable basis for First Advantage's liability under Section 1681b(b)(2)(A) rests on First Advantage's provision of Plaintiff's background check to Co-Defendants.  Because Section 1681b(b)(2) does not impose any obligation upon First Advantage, Plaintiff's claim fails as a matter of law, and, therefore, Count I should be dismissed in full and with prejudice as to First Advantage.

**B.     Section 1681d(a)(1) of the FCRA Applies Only to Users of Consumer Reports.**

Similarly, Section 1681d(a) applies only to users "procuring" investigative consumer reports, a specialized type of consumer report.  That section provides that "*[a] person may not procure or cause to be prepared an investigative consumer report* on any consumer unless—"

> (1) it is clearly and accurately disclosed to the consumer that an investigative consumer report … may be made, and such disclosure (A) is made in a writing mailed, or otherwise delivered, to the consumer, not later than three days after the date on which the report was first requested, and (B) includes a statement informing the consumer of his right to request the additional disclosures provided for under subsection (b) of this section and the written summary of the rights of the consumer prepared pursuant to section 1681g(c) of this title; and
>
> (2) the person certifies or has certified to the consumer reporting agency that—
>
> > (A) the person has made the disclosures to the consumer required by paragraph (1); and
> >
> > (B) the person will comply with subsection (b).

15 U.S.C. § 1681d(a) (emphasis added).

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

Like Section 1681b(b), Section 1681d(a) distinguishes between a CRA, which prepares a report, and a user, who receives a report. Section 1681d(a)(1) requires the *user* to disclose that it is procuring a report and to inform the consumer of his or her right to request additional disclosures and a summary of rights. A CRA assembles and furnishes reports; it does not procure reports. *See* Part II.A, *supra*, at 9. In contrast to Section (a)(1), Section (a)(2) expressly refers to a "consumer reporting agency" and requires the user to certify its compliance with Section (a)(1) before procuring the report. As with Section 1681b(b), if a CRA could be a "user" for purposes of Section 1681d(a)(1), there would be no need for the CRA to certify compliance to itself.

Courts have long held that Section 1681d(a) applies to employers (or others requesting reports), not CRAs. For example, in an action brought by Plaintiff's counsel, this Court held that Section 1681d(a) requires "that whenever an employer requests a consumer report, it must notify the consumer in writing within three days of the request." *Coleman v. Kohl's Dep't Stores, Inc.*, No. 15-cv-02588-JCS, 2015 WL 5782352, at *6 (N.D. Cal. Oct. 5, 2015). In *Short v. Allstate Credit Bureau*, the district court dismissed a Section 1681d(a) claim against a CRA because "the plain language of the provision speaks for itself and [a CRA] is not subject to liability thereunder." 370 F. Supp. 2d 1173, 1181 (M.D. Ala. 2005). The court held that Section 1681d "applies only to the party which requests preparation of the report, not the entity which prepared it." *Id.*; *see also Ben-Hur v. Equifax Info. Servs., Inc.*, 976 F. Supp. 795, 805 (E.D. Wis. 1997) (same).

Similarly, in *Ippolito v. WNS, Inc.*, the district court dismissed a Section 1681d claim against a CRA because the section "applies only to a party requesting an investigative consumer report, and not a consumer reporting agency preparing a report." 636 F. Supp. 471, 473-74 (N.D. Ill. 1986); *see also Henry v. Forbes*, 433 F. Supp. 5, 10 (D. Minn. 1976) (concluding that Section 1681d does not apply to CRAs because "a duty prescribed simply for 'a person' who procures or causes the report to be prepared … must indicate the responsibility of the requesting party only"); *Middlebrooks v. Retail Credit Co.*, 416 F. Supp. 1013, 1017 (N.D. Ga. 1976) (granting CRA summary judgment on Section 1681d(a) claim because the section applies to those procuring reports, not the CRAs preparing the reports).

13

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

The fact that First Advantage provided Plaintiff's background report to Co-Defendants is not a proper basis for Section 1681d(a)(1) liability. Thus, because Section 1681d(a) does not apply to First Advantage, Count II fails to state a claim and should be dismissed with prejudice as to First Advantage.[5]

### C. ICRAA Section 1786.16 and CCRAA Section 1785.20(a) Apply Only to Users of Consumer Reports.

Like the FCRA, the ICRAA and the CCRAA distinguish between users and CRAs. Section 1786.16(a) provides that a person "described in subdivision (d) of Section 1786.12" shall not procure or cause to be prepared an investigative consumer report unless the person provides a clear and conspicuous disclosure in writing to the consumer. Cal. Civ. Code § 1786.16(a). Similarly, Section 1786.16(d) provides that persons "described in subdivision (d) of Section 1786.12" constitute "the sole and exclusive class of persons may cause an investigative consumer report to be prepared." Cal. Civ. Code § 1786.16(d).

Section 1786.12(d) lists the persons to whom CRAs may furnish consumer reports. That section states that a "consumer reporting agency shall only furnish an investigative consumer report … [t]o a person that [the CRA] has reason to believe" will "use" the information for one of five permissible purposes. *Id.* The plain language distinguishes between the CRA, which *furnishes* the consumer report, and the person that *uses* the report. The CRA is not the user: the CRA furnishes the report to the user. Because a CRA is not a person "described in subdivision (d) of Section 1786.12," Section 1786.16 does not apply to CRAs.

In addition, Section 1785.20(a) provides that, "[p]rior to requesting a consumer credit report for employment purposes, the *user* of the report shall provide written notice to the person involved." Cal. Civ. Code § 1785.20(a) (emphasis added). The notice must "inform the person that a report will be used" and "identify the specific basis under subdivision (a) of Section 1024.5 of the Labor Code for use of the report." *Id.* That subdivision expressly applies to employers: "An employer or prospective employer

---

[5] To the extent that Plaintiff asserts a claim under Section 1681g(c)(1) (*see* Compl. ¶¶ 43-49), that provision merely directs the government to prepare the summary of rights referenced in Section 1681d(a)(1). *See* 15 U.S.C. § 1681g(c)(1)(A) ("The Commission shall prepare a model summary of the rights of consumers under this subchapter."). Accordingly, Plaintiff cannot state a claim against First Advantage under Section 1681g(c)(1).

14

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7

shall not use a consumer credit report for employment purposes unless the position of the person for whom the report is sought is any of the following [positions]." Cal. Lab. Code § 1024.5(a). Section 1785.20(a) further states that, if the consumer requests a copy of his report "the *user* shall request that a copy be provided to the person when the *user* requests its copy *from the credit reporting agency*." Cal. Civ. Code § 1785.20(a) (emphasis added).

Here, First Advantage is the CRA. First Advantage furnished Plaintiff's background report; First Advantage did not "request" or "use" the report, and First Advantage was not Plaintiff's prospective or actual employer. Accordingly, Section 1785.20 does not apply to First Advantage. For these reasons, Counts III and IV fail to state claims against First Advantage and should be dismissed with prejudice as to First Advantage.

## CONCLUSION

Plaintiff's Class Action Complaint is devoid of particularized allegations, and the claims Plaintiff asserts cannot be stated against a CRA such as First Advantage. Accordingly, and for the reasons stated, the Court should dismiss all claims against First Advantage in full and with prejudice and should grant any other relief the Court deems necessary and just.

DATED: April 17, 2017

Respectfully submitted,

SEYFARTH SHAW LLP

By: ___/s/ Eric M. Lloyd___
    Frederick T. Smith*
    Esther Slater McDonald*
    Eric M. Lloyd

Attorneys for Defendant
FIRST ADVANTAGE BACKGROUND
SERVICES CORP.

*admitted pro hac vice*

15

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 12(B)(6)
CASE NO. 3:17-CV-00152-VC

38538544v.7