1  SEYFARTH SHAW LLP
2  Eric Michael Lloyd (SBN 254390)
   elloyd@seyfarth.com
3  560 Mission Street, Suite 3100
   San Francisco, California 94105
4  Telephone:    (415) 397-2823
   Facsimile:    (415) 397-8549
5
6  SEYFARTH SHAW LLP
   Frederick T. Smith (*admitted pro hac vice*)
7  fsmith@seyfarth.com
   Esther Slater McDonald (*admitted pro hac vice*)
8  emcdonald@seyfarth.com
   1075 Peachtree Street, N.E., Suite 2500
9  Atlanta, Georgia  30309-3958
   Telephone:    (404) 885-1500
10 Facsimile:    (404) 892-7056

11 Attorneys for Defendant
12 FIRST ADVANTAGE BACKGROUND SERVICES CORP.

13

14

15                    UNITED STATES DISTRICT COURT

16            FOR THE NORTHERN DISTRICT OF CALIFORNIA

17

18 | MARCUS CHISM, on behalf of himself, all others similarly situated, | Case No. 3:17-cv-00152-VC |
19 |  | **DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S NOTICE OF MOTION, MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
20 |              Plaintiff, |
21 |      v. |
22 | PEPSICO, INC., a North Carolina Corporation; FRITO-LAY, INC., a Delaware Corporation; FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida Corporation; and DOES 1 through 100, Inclusive, |
23 |  |
24 |  |
25 |              Defendants. |

Date:          June 15, 2017
Time:          10:00 a.m.
Courtroom:    4

26 Complaint Filed:     January 12, 2017
   Complaint Served:   January 23, 2017

27

28

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION ................................................................................. 1

RELIEF SOUGHT ............................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................... 2

STATEMENT OF ISSUES TO BE DECIDED ..................................................................... 2

INTRODUCTION ................................................................................................................. 2

BACKGROUND .................................................................................................................. 4

LEGAL STANDARD ........................................................................................................... 4

I.      PLAINTIFF'S FIRST AMENDED COMPLAINT IS SUBJECT TO DISMISSAL FOR
        LACK OF SUBJECT MATTER JURISDICTION. ................................................... 4

II.     PLAINTIFF'S FIRST AMENDED COMPLAINT IS SUBJECT TO DISMISSAL FOR
        FAILURE TO STATE A CLAIM. ............................................................................. 5

ARGUMENT ....................................................................................................................... 5

I.      PLAINTIFF LACKS ARTICLE III STANDING. ...................................................... 5

        A.      The Supreme Court's Decision In *Spokeo*. ................................................ 6

        B.      Plaintiff Fails To Allege A Concrete Injury Tied To First Advantage's Conduct ............. 7

II.     PLAINTIFF FAILS TO STATE A CLAIM UNDER SECTION 1681B(B)(1) ............ 9

III.    PLAINTIFF DOES NOT ALLEGE FACTS TO SUPPORT HIS CLAIM OF
        WILLFULNESS. ..................................................................................................... 11

IV.     PLAINTIFF'S CLASS CLAIM AGAINST FIRST ADVANTAGE SHOULD BE
        DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS OF A
        SYSTEMIC VIOLATION OF THE FCRA. ............................................................. 12

CONCLUSION .................................................................................................................. 13

i

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)
CASE NO. 3:17-CV-00152-VC

39026016v.8

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alexander v. Certegy Check Servs., Inc.*,
   No. 8:16-CV-859-17JSS, 2016 WL 7478961 (M.D. Fla. Dec. 29, 2016) .........................................12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................3, 5, 9, 10, 11, 12

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................3, 5, 9, 10, 11, 12

*Byrd v. Masonite Corp.*,
   No. 16-35, 2016 WL 756523 (C.D. Cal. Feb. 25, 2016) .....................................................13

*In re Century Aluminum Co. Sec. Litig.*,
   729 F.3d 1104 (9th Cir. 2013) ...........................................................................................9, 10

*Cirillo v. Valley Baptist Health Sys.*,
   No. 13-1002, 2014 WL 1347362 (Bankr. S.D. Tex. Apr. 3, 2014) .....................................13

*Coleman v. Kohl's Dep't Stores, Inc.*,
   No. 15-cv-02588-JCS, 2015 WL 5782352 (N.D. Cal. Oct. 5, 2015) ...................................12

*In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*,
   756 F.3d 917 (6th Cir. 2014) ...............................................................................................11

*Disalvo v. Intellicorp Records, Inc.*,
   No. 1:16 CV 1697, 2016 WL 5405258 (N.D. Ohio Sept. 27, 2016) ......................................7

*Dreher v. Experian Info. Sols., Inc.*,
   --- F.3d ---, No. 15-2119, 2017 WL 1948916 (4th Cir. May 11, 2017).................................8

*Dutta v. State Farm Mut. Auto. Ins. Co.*,
   No. 3:14-cv-04292-CRB, 2016 WL 6524390 (N.D. Cal. Nov. 3, 2016)..................................8

*Eclectic Props. E., LLC v. The Marcus & Millichap Co.*,
   751 F.3d 990 (9th Cir. 2014) ....................................................................................9, 10, 11

*Khalili v. Comerica Bank*,
   No. 11-759, 2011 WL 2445870 (N.D. Cal. June 16, 2011)...............................................13

*Kirchner v. Shred-It USA Inc.*,
   No. CV 2:14-1437 WBS EFB, 2016 WL 6766944 (E.D. Cal. Nov. 14, 2016) .........................7, 8, 10

*Larroque v. First Advantage LNS Screening Sols., Inc.*,
   No. 15-CV-04684 JSC, 2016 WL 4577257 (N.D. Cal. Sept. 2, 2016)..................................7

ii

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)
CASE NO. 3:17-CV-00152-VC

39026016v.8

*Lee v. Hertz Corp.*,
No. 15-cv-04562-BLF, 2016 WL 7034060 (N.D. Cal. Dec. 2, 2016) ..................................8

*Nokchan v. Lyft, Inc.*,
No. 15-cv-03008-JCS, 2016 WL 5815287 (N.D. Cal. Oct. 5, 2016) ..............................8

*Safe Air for Everyone v. Meyer*,
373 F.3d 1035 (9th Cir. 2004) ..................................................................5

*Shaw v. Nissan N. Am.*,
Inc., No. CV164372DDPRAOX, 2016 WL 6205752 (C.D. Cal. Oct. 24, 2016) .................11

*Smith v. Experian Info. Sols., Inc.*,
No. 16-cv-04651-BLF, 2017 U.S. Dist. LEXIS 63548 (N.D. Cal. Apr. 26, 2017) ............12

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016) ...................................................................3, 6, 7

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998) ..........................................................................5, 6

*Syed v. M-I, LLC*,
853 F.3d 492 (9th Cir. 2017) ................................................................8

*Thompson v. McCombe*,
99 F.3d 352 (9th Cir. 1996) .................................................................5

*Warren v. Fox Family Worldwide, Inc.*,
328 F.3d 1136 (9th Cir. 2003) ..............................................................5

*Whitmore v. Arkansas*,
495 U.S. 149 (1990) ..........................................................................5

*Yeska v. Experian Info. Sols., Inc.*,
No. 16-12395, 2016 WL 7674783 (E.D. Mich. Dec. 21, 2016) ............................12

*Zolensky v. Am. Medflight, Inc.*,
No. 216CV00788KJMKJN, 2017 WL 1133926 (E.D. Cal. Mar. 27, 2017) ...............11

**Federal Statutes**

15 U.S.C. § 1681b(b)(1) ..........................................................*passim*

15 U.S.C. § 1681n(a)(1)(A) .................................................................11

**Rules**

Fed. R. Civ. P. 8(a)(2) ...........................................................................5

Fed. R. Civ. P. 12(b)(1) ..................................................................1, 2, 4

iii

Fed. R. Civ. P. 12(b)(6)................................................................................................1, 2

Rule 8.......................................................................................................................13

**Constitutional Provisions**

U.S. Const. art. III, § 2 ...............................................................................................5

iv

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)
CASE NO. 3:17-CV-00152-VC

39026016v.8

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on June 15, 2017, at 10:00 a.m. in Courtroom 4 of this Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP. will and hereby does move this Court for an Order under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) dismissing Plaintiff's First Amended Complaint against First Advantage. This Motion is based on this Notice of Motion and Motion, the below Memorandum of Points and Authorities, oral argument of counsel, and any other documents, files, pleadings or matters of which the Court may take judicial notice.

## RELIEF SOUGHT

First Advantage seeks an Order pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) dismissing Plaintiff's First Amended Complaint against First Advantage. Plaintiff lacks standing to sue First Advantage because he has not alleged that he suffered an injury in fact traceable to First Advantage's alleged violation of Section 1681b(b)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Even if Plaintiff had standing (and he does not), Plaintiff's claim would fail because he has not alleged sufficient facts to show a violation of Section 1681b(b)(1), and he has not made any showing that First Advantage willfully violated the FCRA. Additionally, Plaintiff has not stated a class claim against First Advantage because he fails to allege sufficient facts of a systemic violation of the FCRA. For these reasons, the Court should dismiss Plaintiff's First Amended Complaint with respect to First Advantage.

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)
CASE NO. 3:17-CV-00152-VC

39026016v.8

## MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUES TO BE DECIDED

1.     Whether Plaintiff's First Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(1) with respect to First Advantage based on lack of standing because Plaintiff has not alleged that he suffered any injury in fact traceable to First Advantage's conduct.

2.     Whether Plaintiff's First Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) with respect to First Advantage because Plaintiff fails to allege sufficient facts of a violation of Section 1681b(b)(1).

3.     Whether Plaintiff's First Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) with respect to First Advantage because Plaintiff does not allege facts sufficient to support his claim of willfulness.

4.     Whether the class claim and class allegations in Plaintiff's First Amended Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) with respect to First Advantage because Plaintiff fails to allege sufficient facts of a systemic violation of the FCRA.

## INTRODUCTION

First Advantage Background Services Corp., a consumer reporting agency ("CRA"), furnished a background report on Plaintiff Marcus Chism in connection with his application for employment with PepsiCo, Inc. and Frito-Lay, Inc. (collectively, "Co-Defendants"). At first, Plaintiff alleged that First Advantage violated the FCRA by obtaining his report for employment purposes without his written authorization and without giving him a proper disclosure and summary of rights. (Compl. ¶¶ 27-29, 31, 35, 63, 78.) Thereafter, First Advantage notified Plaintiff that he had not applied for employment with First Advantage, that it had furnished his report rather than obtaining it, and that the claims Plaintiff asserted could not be stated against a CRA. When Plaintiff would not dismiss his claims, First Advantage moved to dismiss, and, in response, Plaintiff promptly withdrew his claims and filed a First Amended Complaint. In the First Amended Complaint, Plaintiff alleges, "upon information and belief," that First Advantage violated Section 1681b(b)(1) of the FCRA by failing to have Co-Defendants certify

2

39026016v.8

that they had disclosed to Plaintiff that they would obtain his background report for employment purposes and had obtained his written authorization to do so.

Plaintiff lacks standing to bring a Section 1681b(b)(1) claim against First Advantage because he has failed to allege that he suffered a concrete injury traceable to First Advantage's conduct as required by *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).  Plaintiff alleges only that Co-Defendants' "illegal procurement" of his background report injured him.  (First Am. Compl. ("Am. Compl.") ¶¶ 37, 65, 80, pp. 8, 13, 15.) [1]  He does not allege that First Advantage's conduct harmed him.  (*See id.* ¶¶ 91, p. 17 (declining to request actual damages as relief).)  In fact, given that Plaintiff was subsequently hired by Co-Defendants, he cannot allege that he was harmed by the report in any way.

The First Amended Complaint should also be dismissed with respect to First Advantage because Plaintiff has failed to state a claim under Section 1681b(b)(1).  Plaintiff does not offer any details about the certification at issue nor does he allege any specific facts demonstrating that First Advantage did not obtain a certification from Co-Defendants.  Instead, Plaintiff asserts that it is reasonable to believe that First Advantage did not obtain a certification because no one had given him a copy of the certification and because First Advantage "may" have required a "blanket" certification in a contract that it may or may not have had with Co-Defendants.  (Am. Compl. ¶¶ 89-90, p. 17.)  Such allegations fail to satisfy the threshold pleading requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Moreover, Plaintiff does not allege (even in a conclusory manner) that First Advantage's failure to obtain a certification was negligent or willful as required for relief under the FCRA.  Further, even assuming that the First Amended Complaint meets the threshold pleading requirements with respect to Plaintiff's claim against First Advantage (which it does not), Plaintiff's class claim should be dismissed because Plaintiff fails to allege that First Advantage systemically violated the FCRA.  For these reasons, Plaintiff's First Amended Complaint should be dismissed in its entirety with respect to First Advantage.

---

[1] The First Amended Complaint erroneously contains duplicate paragraph numbers in the Fourth and Fifth Causes of Action.  Accordingly, this Motion cites the relevant paragraph, page number, and Cause of Action, where necessary, with respect to references to the First Amended Complaint.

39026016v.8

## BACKGROUND[2]

Plaintiff applied for employment with Co-Defendants.  (Am. Compl. ¶ 81, p. 16.)  During the application process, First Advantage issued a consumer report on Plaintiff to Co-Defendants.  (*Id.*)  Plaintiff was subsequently employed by "Defendant," namely Frito-Lay, from approximately October 2015 to September 2016.  (*Id.* ¶ 6, p. 2; Co-Defendants' Answer ¶ 6 (admitting that Frito-Lay employed Plaintiff).)

In his Fifth Cause of Action, Plaintiff alleges that he "believe[s]" that First Advantage did not obtain a Section 1681b(b)(1) certification from Co-Defendants.  (Am. Compl. ¶ 82, p. 16.)[3]  Plaintiff states that his belief is based on the following:

- Plaintiff's employee file did not include a copy of the certification.

- First Advantage did not give Plaintiff a copy of the certification before the First Amended Complaint was filed.

- Plaintiff's background report references the certification requirement but does not include a certification by Co-Defendants.

- First Advantage may require its clients to agree that they will comply with the FCRA's disclosure and authorization requirements and may not obtain a certification each time a background report is requested.

(*Id.* ¶¶ 82-89, pp. 16-17.)  Plaintiff seeks statutory and punitive damages.  (*Id.* ¶ 91, p. 17.)  Plaintiff does not seek actual damages, and he does not allege that he suffered any harm based on First Advantage's purported failure to obtain a certification.  (*See generally id.* ¶¶ 78-91, pp. 16-17.)  Plaintiff does not allege that First Advantage failed to obtain a certification for anyone else.  (*See generally* Am. Compl.)

## LEGAL STANDARD

### I.   PLAINTIFF'S FIRST AMENDED COMPLAINT IS SUBJECT TO DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION.

A motion under Rule 12(b)(1) challenges the Court's subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  If the determination of jurisdiction requires resolution of a factual dispute, the Court may

---

[2] First Advantage accepts the truth of the facts as pled in Plaintiff's First Amended Complaint solely for purposes of this Motion.

[3] The remaining causes of action are only filed against Co-Defendants and not First Advantage.  (*See generally* Am. Compl. ¶¶ 21-82, pp. 5-16.)

4

39026016v.8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

review evidence beyond the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). The Court is not required "to accept as true conclusory allegations which are contradicted by documents referred to in the complaint" or to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotations and citations omitted). Plaintiff bears the burden of demonstrating that the Court has jurisdiction to proceed with his lawsuit. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

## II.   PLAINTIFF'S FIRST AMENDED COMPLAINT IS SUBJECT TO DISMISSAL FOR FAILURE TO STATE A CLAIM.

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court must accept all of the complaint's well-pleaded facts as true but may disregard any conclusions, legal or otherwise. *See Iqbal*, 556 U.S. at 667-68. A plaintiff must allege facts sufficient "to raise a right to relief above the speculative level" in order to assert a claim that is "plausible on its face" rather than one that is merely "conceivable." *Twombly*, 550 U.S. at 555, 570. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation omitted).

## ARGUMENT

## I.   PLAINTIFF LACKS ARTICLE III STANDING.

Plaintiff lacks standing to bring this action against First Advantage because he has not alleged that he was harmed by First Advantage's conduct. Standing is a doctrine rooted in the U.S. Constitution's "case or controversy" requirement. U.S. Const. art. III, § 2. To plead standing, a plaintiff must "clearly and specifically set forth facts sufficient to satisfy [the] Article III standing requirements." *Whitmore v. Arkansas*, 495 U.S. 149, 155-56 (1990). Absent standing, a court "cannot proceed at all." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quotation marks omitted).

39026016v.8

1    To establish standing, a plaintiff must show:  (1) he suffered a concrete harm; (2) the defendant

2    caused the harm suffered by plaintiff; and (3) the requested relief will redress plaintiff's harm.  *Id.* at

3    102-04.  A concrete harm must be "'de facto'; that is, it must actually exist."  *Spokeo*, 136 S. Ct. at 1548.

4    A "concrete" injury is one that is "'real,' and not 'abstract.'"  *Id.*  A plaintiff must "clearly … allege

5    facts" demonstrating each element — harm, causation, and redressability.  *Id.* at 1547 (quotation marks

6    omitted).  Because Plaintiff has not alleged that he suffered a concrete harm traceable to First

7    Advantage's alleged failure to obtain a certification, his First Amended Complaint must be dismissed

8    with respect to First Advantage for lack of standing.

9    ### A.        The Supreme Court's Decision In *Spokeo.*

10   In *Spokeo*, the plaintiff alleged that the defendant violated the FCRA by furnishing a consumer

11   report that contained inaccurate information about him, including that he was married, had children, was

12   in his 50s, had a job, was affluent, and held a graduate degree.  *Id.* at 1546.  The district court dismissed

13   the action for lack of standing, but the Ninth Circuit reversed, holding that the plaintiff had suffered an

14   injury in fact because he alleged a violation of his statutory rights and because his claim was

15   individualized.  *Id.* at 1544.

16   On review, the United States Supreme Court vacated the decision.  *Id.* at 1545.  The Supreme

17   Court held that the Ninth Circuit's analysis was incomplete because it only considered the first element

18   of injury in fact — that the injury affected the plaintiff in a "personal and individual way" — and failed

19   to additionally analyze whether there was a concrete injury.  *Id.* at 1545, 1548 (internal citations

20   omitted).  Because "Article III standing requires a concrete injury even in the context of a statutory

21   violation," the Supreme Court ruled that a plaintiff "cannot satisfy the demands of Article III by alleging

22   a bare procedural violation" because "a violation of one of the FCRA's procedural requirements may

23   result in no harm."  *Id.* at 1550.  In support of its ruling, the Supreme Court stated that a "concrete injury"

24   must be "'de facto'; that is, it must actually exist.  When we have used the adjective 'concrete,' we have

25   meant to convey the usual meaning of the term — 'real,' and not 'abstract.'"  *Id.* at 1548.  Because the

26   Ninth Circuit did not consider "concrete injury," the matter was remanded.  *Id.* at 1549.

27

28

6

1    *Spokeo* makes clear that a "bare procedural violation, divorced from any concrete harm" is

2    insufficient to create Article III standing.  *Id.*  Thus, "[a] violation of one of the FCRA's procedural

3    requirements may result in no harm," such as where "even if a consumer reporting agency fails to

4    provide the required notice to a user of the agency's consumer information, that information regardless

5    may be entirely accurate."  *Id.* at 1550.

6    **B.    Plaintiff Fails To Allege A Concrete Injury Tied To First Advantage's Conduct.**

7    Like the plaintiff in *Spokeo*, Plaintiff alleges nothing beyond a bare procedural violation with

8    respect to his allegations against First Advantage.  (*See generally* Am. Compl. ¶¶ 78-91, pp. 16-17.)

9    Plaintiff does not allege that he suffered any type of actual harm caused by First Advantage.  Rather, the

10   only mention of "injury" relates to the Co-Defendants.  Plaintiff alleges that he was "injured" by Co-

11   Defendants' purported "illegal procurement of credit and background reports by way of their inadequate

12   disclosures."  (*Id.* ¶ 37, p.8; *see also id.* ¶¶ 65, 80, pp. 13, 15 (same).)  This allegation is insufficient to

13   show that Plaintiff suffered a concrete injury caused by *First Advantage*'s alleged failure to obtain a

14   certification.  *See Kirchner v. Shred-It USA Inc.*, No. CV 2:14-1437 WBS EFB, 2016 WL 6766944, at

15   *2-3 (E.D. Cal. Nov. 14, 2016) (distinguishing between injuries caused by Section 1681b(b)(1) and

16   (b)(2) violations).

17   Plaintiff's theory of liability was recently rejected by the court in *Kirchner*, an action cited in

18   Plaintiff's First Amended Complaint.  (*See* Am. Compl. ¶¶ 87-88, p. 17.)  In *Kirchner*, the plaintiff

19   alleged that First Advantage had failed to obtain a valid certification under Section 1681b(b)(1).  2016

20   WL 6766944 at *1.  In dismissing the plaintiff's claim, the court held that the plaintiff did not allege that

21   the improper certification (as opposed to the user's improper consent form) resulted in any adverse

22   consequences to the plaintiff.  *Id.* at *2 ; *see also Larroque v. First Advantage LNS Screening Sols., Inc.*,

23   No. 15-CV-04684 JSC, 2016 WL 4577257, at *7-8 (N.D. Cal. Sept. 2, 2016) (dismissing plaintiff's

24   Section 1681b(b)(1) claim for lack of standing because plaintiff had "alleged nothing more than a bare

25   procedural violation of the FCRA" and the complaint contained no allegations of any type of harm);

26   *Disalvo v. Intellicorp Records, Inc.*, No. 1:16 CV 1697, 2016 WL 5405258, at *3 (N.D. Ohio Sept. 27,

27

28

7

2016) (ruling that plaintiff lacked standing to pursue Section 1681b(b)(1) claim when, in relevant part, he failed to allege that the background report contained inaccurate information).

Numerous other post-*Spokeo* decisions have held that "[a] plaintiff who alleges a bare procedural violation of the FCRA, divorced from any concrete harm, fails to satisfy Article III's injury-in-fact requirement."  *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017) (quotation marks omitted); *see also Dreher v. Experian Info. Sols., Inc.*, --- F.3d ---, No. 15-2119, 2017 WL 1948916, at *2 (4th Cir. May 11, 2017) (holding that "where an individual fails to allege a concrete injury stemming from allegedly incomplete or incorrect information listed on a credit report, he or she cannot satisfy the threshold requirements of constitutional standing"); *Lee v. Hertz Corp.*, No. 15-cv-04562-BLF, 2016 WL 7034060, at *4-6 (N.D. Cal. Dec. 2, 2016) (dismissing claim where plaintiff alleged only bare procedural violations of the FCRA); *Dutta v. State Farm Mut. Auto. Ins. Co.*, No. 3:14-cv-04292-CRB, 2016 WL 6524390, at *3 (N.D. Cal. Nov. 3, 2016) (holding that plaintiff's b(b)(3) claim was "a textbook example" of a bare procedure violation without harm where plaintiff's report was accurate).

For example, in *Nokchan v. Lyft, Inc.*, an action filed by Plaintiff's counsel, this Court held that the plaintiff lacked Article III standing where he did not allege "that he was harmed by the background check in any way" but rather "was hired … after he successfully completed [the] background investigation."  No. 15-cv-03008-JCS, 2016 WL 5815287, at *4 (N.D. Cal. Oct. 5, 2016).  Given these facts, the Court reasoned that it could "find no real harm" that would give the plaintiff standing and, consequently, dismissed the action.  *Id.*

Once again, Plaintiff's counsel has filed a claim alleging nothing more than a bare procedural violation without any resulting harm.  Like the plaintiffs in *Kirchner* and *Nokchan*, Plaintiff does not allege that his background report was inaccurate, contained errors, or had a negative impact on an employment opportunity.  Indeed, given that Plaintiff was subsequently hired by Frito-Lay, he cannot allege that he was harmed by the consumer report in any way.  (Am. Compl. ¶ 6, p. 2; Co-Defendants' Answer ¶ 6.)  Because Plaintiff has not alleged any harm resulting from First Advantage's conduct, his Section 1681b(b)(1) claim must be dismissed for lack of standing.

8

39026016v.8

## II.   PLAINTIFF FAILS TO STATE A CLAIM UNDER SECTION 1681B(B)(1).

Even assuming that Plaintiff has standing to bring this action against First Advantage (which he does not), Plaintiff fails to state a claim with respect to First Advantage because it is not plausible to infer from Plaintiff's allegations that First Advantage violated Section 1681b(b)(1).  Where a complaint alleges facts that are "*merely consistent* with a defendant's liability, [that complaint] stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 129 S. Ct. at 1950 (emphasis added).  Consequently, when considering plausibility "courts must also consider an 'obvious alternative explanation' for defendant's behavior."  *Eclectic Props. E., LLC v. The Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 682).  When a defendant offers a plausible explanation for its conduct, "plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation."  *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013).  "Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*."  *Id.* (citation omitted).  If a plaintiff's allegations "do not tend to exclude the possibility" of an alternative explanation, the allegations "remain stuck in 'neutral territory,'" and fail to cross the line between possibility and plausibility.  *Id.* (citing *Twombly*, 550 U.S. at 557).

Plaintiff offers no real detail about the certification at issue in his First Amended Complaint and does not present any specific facts demonstrating that First Advantage did not obtain a certification from Pepsico and Frito Lay.  Such allegations fail to satisfy the threshold pleading requirements of *Iqbal* and *Twombly*.  *See Iqbal* , 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted).

Instead, Plaintiff argues that a certification must not exist because his employment file did not contain a certification form and First Advantage purportedly refused to provide Plaintiff with a copy of the certification.  (Am. Compl. ¶¶ 83-84, p. 16.)  Plaintiff ignores the fact, however, that there is an

9

"obvious alternative explanation" as to why he does not allegedly possess a copy of the certification form — ***the FCRA does not require that a certification be in writing or that it be maintained in a personnel file***. *Eclectic*, 751 F.3d at 996.  Indeed, the FCRA permits First Advantage to obtain certifications electronically or verbally, and there are no FCRA provisions requiring Co-Defendants to retain a copy of the certification at issue, either in Plaintiff's personnel file or in any other format. Likewise, there are no statutory provisions, under the FCRA or any other statute, requiring a CRA to provide a certification to a consumer upon his/her request prior to the commencement of a lawsuit. Given these alternative explanations, Plaintiff's theory is not a plausible conclusion.  *See, e.g.*, *In re Century*, 729 F.3d at 1108.

The remaining bases for Plaintiff's belief that First Advantage did not obtain a certification from Co-Defendants rests on two publications.  First, Plaintiff claims that the following boilerplate language on his consumer report does not constitute a certification or require affirmative action by Co-Defendants and thus must mean that there was no certification prior to First Advantage issuing the report:

> Client certifies that it has complied with the Fair Credit Reporting Act (FCRA) and that it has provides [sic] a clear disclosure in compliance with the FCRA to the consumer/applicant/candidate/employee and obtained consent and authorization.

(Am. Compl. ¶¶ 85-86, pp. 16-17.)  Second, Plaintiff alleges that documents in *Kirchner* indicate that First Advantage "***may*** rely on purported prospective blanket certification" rather than obtaining a certification each time a background check is requested.  (*Id.* ¶¶ 87-89, p. 17) (emphasis added).

These conclusory allegations, however, fail to satisfy the threshold pleading requirements of *Iqbal* and *Twombly*.  Indeed, Plaintiff does not explain why the boilerplate language purportedly demonstrates that there was no certification prior to First Advantage issuing the report.[4]  *See Iqbal*, 556 U.S. at 667-68.  Moreover, Plaintiff's use of the term "may" with respect to his prospective blanket certification claim clearly indicates that First Advantage may have used other certification methods with

---

[4] Notably, the FCRA does not require certifications to be included on consumer reports, and common sense suggests that a statement from a CRA to a user is not intended to be a certification from a user to a CRA.

1 other users and their requests for background reports.  There can be no doubt that Plaintiff's claim is

2 based on nothing more than improper speculation.  *See id.* at 678; *Twombly*, 550 U.S. at 555.

3       Regardless, there is an innocuous, "obvious alternative explanation" for First Advantage's

4 written publications.  *Eclectic*, 751 F.3d at 996.  Specifically, throughout the consumer reporting process,

5 First Advantage repeatedly takes steps to ensure that clients are aware of their responsibilities under

6 FCRA.  *See, e.g.*, *Shaw v. Nissan N. Am.*, Inc., No. CV164372DDPRAOX, 2016 WL 6205752, at *6

7 (C.D. Cal. Oct. 24, 2016) (refusing to infer an anticompetitive agreement when factual allegations "just

8 as easily suggest[ed] rational, legal business behavior"); *Zolensky v. Am. Medflight, Inc.*, No.

9 216CV00788KJMKJN, 2017 WL 1133926, at *5 (E.D. Cal. Mar. 27, 2017) (dismissing complaint when

10 facts suggested "ordinary business activity on the part of the relevant actors").  The fact that First

11 Advantage maintains a robust compliance program to ensure that clients comply with the FCRA simply

12 does not support an inference that First Advantage violated Section 1681b(b)(1).

13       In summary, although Plaintiff offers a host of miscellaneous reasons as to why he believes First

14 Advantage did not obtain a certification from Co-Defendants, this speculation stops well "short of the

15 line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (quoting

16 *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).  In other words, "[t]he mere fact that

17 [Plaintiff] believes something to be true does not create a plausible inference that it is true."  *In re*

18 *Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.*, 756 F.3d 917 (6th Cir. 2014).  Accordingly,

19 Plaintiff's First Amended Complaint falls woefully short of the *Twombly* and *Iqbal* pleading standards

20 and should be dismissed.

21 **III.    PLAINTIFF DOES NOT ALLEGE FACTS TO SUPPORT HIS CLAIM OF**
**        WILLFULNESS.**

22

23       Even if the Court finds that First Advantage technically failed to comply with

24 Section 1681b(b)(1) (and it did comply), Plaintiff's claim against First Advantage still fails.  Plaintiff

25 does not allege that he suffered any actual damages as a result of the alleged FCRA violation.  Instead,

26 he contends that he is entitled to statutory and punitive damages (Am. Compl. ¶ 91), which are only

27 available under the FCRA if First Advantage's conduct was willful.  15 U.S.C. § 1681n(a)(1)(A).

28 Plaintiff, however, has not alleged that First Advantage willfully violated the FCRA.

1    To establish a willful violation of the FCRA, Plaintiff must demonstrate that First Advantage

2  "knowingly or recklessly disregard[ed] its statutory rights."  *Smith v. Experian Info. Sols., Inc.*, No. 16-

3  cv-04651-BLF, 2017 U.S. Dist. LEXIS 63548, at *20 (N.D. Cal. Apr. 26, 2017).  Critically, Plaintiff's

4  Fifth Cause of Action is bereft of any facts supporting his claim that First Advantage acted willfully.

5  Instead, Plaintiff's Section 1681b(b)(1) claim merely jumps to the conclusion that Plaintiff and the Class

6  are entitled to statutory and punitive damages.  (Am. Compl. ¶¶ 78-91, pp. 16-17.)  The only causes of

7  action in which Plaintiff alleges willful conduct relate to Co-Defendants, not First Advantage.  (*Id.* ¶¶ 34,

8  34(b), 36, 39, 62, 64, 64(f), 67, 79, 79(i), 82 (4th Cause of Action), pp. 7-8, 12-13, 15-16.)

9    Moreover, although the Introduction to the First Amended Complaint formulaically alleges that

10  Defendants willfully violated the FCRA (*Id.* ¶ 2), Plaintiff's conclusory assertion is not enough to move

11  this case forward.  *See, e.g.*, *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555; *Coleman v. Kohl's*

12  *Dep't Stores, Inc.*, No. 15-cv-02588-JCS, 2015 WL 5782352, at *7 (N.D. Cal. Oct. 5, 2015) (granting

13  motion to dismiss complaint filed by Plaintiff's counsel when, in relevant part, the complaint failed to

14  allege any facts supporting willfulness); *Alexander v. Certegy Check Servs., Inc.*, No. 8:16-CV-859-

15  17JSS, 2016 WL 7478961, at *4 (M.D. Fla. Dec. 29, 2016) (dismissing complaint that merely alleged

16  that violations were "willful"); *Yeska v. Experian Info. Sols., Inc.*, No. 16-12395, 2016 WL 7674783, at

17  *5 (E.D. Mich. Dec. 21, 2016) (suggesting that claim be dismissed when complaint only stated that

18  defendant willfully failed to review information and perform its duties).

19  **IV.    PLAINTIFF'S CLASS CLAIM AGAINST FIRST ADVANTAGE SHOULD BE**
20  **DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS OF A**
        **SYSTEMIC VIOLATION OF THE FCRA.**

21    At a minimum, Plaintiff's class claim against First Advantage should be dismissed because

22  Plaintiff fails to satisfy the threshold pleading requirements of *Twombly* and *Iqbal* with respect to the

23  purported class.  Plaintiff purports to represent himself and "[a]ll of Defendants' current, former and

24  prospective applicants for employment in the United States who applied for a job with Defendants (or

25  were issued a background check by First Advantage)."  (Am. Compl. ¶ 14(A), p. 3.)  Preliminarily, to

26  the extent Plaintiff claims that applicants for employment *with First Advantage* should be included in

27  the class, such a claim should be dismissed because Plaintiff does not allege that First Advantage failed

28

39026016v.8

1    to obtain a certification from itself with respect to applicants seeking employment at First Advantage.

2    Rather, Plaintiff solely claims that First Advantage failed to obtain a certification from Frito-Lay and

3    Pepsico.  (*Id.* ¶¶ 81-82, p. 16.)

4           Regardless, Plaintiff offers no detail about First Advantage's alleged certification practices

5    regarding other applicants.  Indeed, aside from Plaintiff's claim that First Advantage "***may*** rely on

6    purported prospective blanket certification" — which cannot be considered at the motion to dismiss

7    stage for the reasons set forth in Section II, *supra* — Plaintiff's First Amended Complaint does not

8    contain any allegations that certification issues have allegedly arisen with other applicants.  (*Id.* ¶¶ 78-91,

9    pp. 16-17 (emphasis added).)  Accordingly, Plaintiff's threadbare class claim that First Advantage

10   violated Section 1681b(b)(1) fails to satisfy Rule 8 pleading requirements.  *Byrd v. Masonite Corp.*, No.

11   16-35, 2016 WL 756523, at *4 (C.D. Cal. Feb. 25, 2016) (dismissing class claims regarding overtime

12   pay under state law when plaintiff did not allege detailed facts showing that defendants had statewide

13   policies or practices giving rise to plaintiff's causes of action); *Khalili v. Comerica Bank*, No. 11-759,

14   2011 WL 2445870, at *2-3 (N.D. Cal. June 16, 2011) (dismissing FLSA claim that failed to sufficiently

15   identify policy or practice followed by defendant that resulted in alleged FLSA violation); *Cirillo v.*

16   *Valley Baptist Health Sys.*, No. 13-1002, 2014 WL 1347362, at *4-5 (Bankr. S.D. Tex. Apr. 3, 2014)

17   (dismissing class allegations under *Iqbal/Twombly* because plaintiff failed to allege sufficient facts that

18   other putative class members experienced the same alleged statutory violation as the named plaintiff and

19   thus "it [was] equally possible that [d]efendants simply made a mistake with respect to" the plaintiff

20   alone).

21                                          **<u>CONCLUSION</u>**

22          For the reasons stated, the Court should dismiss all claims against First Advantage with prejudice

23   and should grant any other relief the Court deems necessary and just.

24

25

26

27

28

39026016v.8

Case 3:17-cv-00152-VC   Document 46   Filed 05/22/17   Page 19 of 19

1

DATED:  May 22, 2017

Respectfully submitted,

2

SEYFARTH SHAW LLP

3

4

By:  _____/s/ Eric M. Lloyd_____

Frederick T. Smith*

5

Esther Slater McDonald*

Eric M. Lloyd

6

7

Attorneys for Defendant
FIRST ADVANTAGE BACKGROUND

SERVICES CORP.

8

9

* admitted pro hac vice

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)
CASE NO. 3:17-CV-00152-VC

39026016v.8