Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
Thomas Segal (SBN 222791)
    thomas@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Ste. 907
Beverly Hills, California 90212
Tel:   (310) 888-7771
Fax:  (310) 888-0109

Attorneys for Plaintiff,
MARCUS CHISM

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS CHISM, an individual on behalf of himself, all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>PEPSICO, INC, a North Carolina Corporation; FRITO-LAY, INC a Delaware Corporation; FIRST ADVANTAGE BACKGROUND SERVICES CORP, a Florida Corporation and DOES 1 to 100, inclusive,<br><br>        Defendants.<br><br>_____ | Case No. 3:17-cv-00152-VC<br><br>**DECLARATION OF SHAUN SETAREH IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>*Hearing Information*<br>Date:      April 26, 2018<br>Time:     10:00am.<br>Courtroom: 4 17th Floor<br>Judge:    Hon. Vince Chhabria |

## DECLARATION OF SHAUN SETAREH

I, SHAUN SETAREH, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and an attorney of record for Plaintiff Marcus Chism ("Plaintiff") in his action against Frito-Lay, Inc. ("Frito-Lay" or "Defendant"). Except for those matters stated on information and belief, which I am informed and believe to be true and correct, I have personal knowledge of all matters set forth herein. If called as a witness, I could and would competently testify thereto under oath.

### Plaintiff's Investigation and Discovery

2. On January 12, 2017, Plaintiff filed a putative class action lawsuit entitled *Marcus Chism v. Pepsico Inc*, Case No. 3:17-cv-00152-VC, in the United States District Court for the Northern District of California. ECF No. 1. Plaintiff's operative complaint alleges claims for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. and related California law claims. Plaintiff alleges that Frito-Lay used disclosure forms in connection with applications for employment that violated the FCRA by including extraneous information.

3. Data provided in connection with mediation indicates there are approximately 38,588 settlement class members. However, once class members who released their claims in an earlier class action settlement are excluded the class size is estimated to be 38,174.

4. The case has been prosecuted diligently for more than a year. Plaintiff's counsel's investigation included meeting with Plaintiff, conducting legal research and analysis of the applicable law as applied to the facts discovered regarding Plaintiff's claims and the defenses thereto and analyzing Defendant's potential liability exposure.

5. As part of the investigation, Plaintiff's counsel also has conducted a study and investigation of the law and facts relating to the claims that were asserted and that could have been asserted, as well as a study and investigation of the scope and identity of the settlement class, and has concluded, taking into account the benefits of this settlement, and the risks and delays of further litigation, as well as the strengths and weakness of Plaintiff's claims and Frito-Lay's defenses, that this settlement is fair, reasonable, and adequate, and in the best interests of the Plaintiff and all members of the classes affected by it.

6. Plaintiff's counsel also reviewed Frito-Lay's background check policies and the actual background check disclosure and authorization forms of those who applied for employment at Frito-Lay during the class period. The background check disclosure forms at issue are attached as Exhibit 1.

7. Plaintiff's counsel thoroughly analyzed the evolving, and often conflicting case law governing FCRA class actions as well as other types of actions including the related Fair and Accurate Credit Transaction Act where "willfulness" and "proof of actual injury" are often disputed. All of this review and investigation allowed Plaintiff's counsel to structure a settlement that provides benefits directly to the persons who were required to use the allegedly unlawful forms.

8. Plaintiff propounded Interrogatories and Requests for Production of Documents, to which Defendant responded.

9. The first mediation session in this case occurred in San Francisco conducted by mediator Michael Dickstein on September 12, 2017. The case did not settle at that mediation.

10. On November 6, 2017, the parties participated in a second mediation session by video-conference. At both mediations, the parties extensively discussed their views of the strengths and weaknesses of the case including the merits and also the motion to compel arbitration and motion to transfer that were filed after the first mediation. After the second mediation, mediator Michael Dickstein made a mediator's proposal which the parties accepted.

11. Based on the information obtained through informal discovery, as well as the stage of the proceedings, Plaintiff and his counsel had sufficient information to intelligently evaluate Defendant's potential exposure to the Class in view of the risks of continued litigation. I believe that the proposed settlement is fair, reasonable and adequate.

**The Parties Settled After Arm's Length Discussions**

12. The proposed Settlement was the culmination of discussions between the parties following a thorough analysis of the pertinent facts and law at issue. Plaintiff obtained formal and informal discovery including documents pertaining to background checks. Following these negotiations, the parties were able to reach an agreement on all material terms of the proposed relief to the class. Only after the parties had reached this agreement did they negotiate attorneys' fees, costs and incentive awards. Ultimately, the parties reached an agreement on these terms as well, formalizing all terms in the Settlement Agreement.

14. A true and correct copy of the Parties' Settlement Agreement ("Settlement") is attached hereto as Exhibit 2.

15. A proposed Long Form Notice of Class Action Settlement is attached hereto as Exhibit 3.

16. A proposed Postcard Notice is attached hereto as Exhibit 4.

17. A proposed Request for Exclusion Form is attached hereto as Exhibit 5.

//

**The Views of Experienced Counsel and Adequacy of Counsel**

18. My firm and I, as a partner at Setareh Law Group, are well-experienced class action attorneys. I, along with the senior attorney assigned to this case, Thomas Segal, have considerable experience in class action litigation including employment and Fair Credit Reporting Act cases. I, along with my associates, do not have a conflict of interest with the class. Therefore, we are qualified to serve as class counsel for the settlement class.

19. I have been involved as lead or co-lead class counsel in numerous labor and employment cases. The following is a sampling of class actions in which I have been appointed as class counsel both for a settlement class and after a contested motion:

a. *Fronda v. Staffmark*, U.S. District Court, Northern District of California, Case No. 15-CV-02315-MEJ (granted final approval in a case involving alleged uncompensated security checks for warehouse workers).

b. *Ortiz v. Randstad.*, U.S. District Court, Nothernl District of California Case No. 13-CV-05050-MMC (granted final approval in a case involving, among other things, failure to provide meal and rest periods).

c. *Valencia v. SCIS Air Security Corp.*, Los Angeles Superior Court, Case No. BC421485 (granted class certification through contested motion in case on behalf of former security workers based on late final wage payments in violation of Labor Code §§ 201–203).

d. *Sandoval v. Rite Aid Corp.*, Los Angeles County Superior Court, Case No. BC431249 (granted class certification through contested motion in case on behalf of former pharmacy employees based on late final wage payments in violation of Labor Code §§ 201–203; subsequently granted final approval of class action settlement).

e. *Utne v. Home Depot*, Northern District of California Case No. 3:16-cv-01854-RS (granted class certification through contested motion in case on behalf of retail store employees allegedly required to work off the clock).

f. *Wilson v. TE Connectivity,* Northern District of California Case No. 3:14-cv-04872-EDL (granted class certification through contested motion in case on behalf of manufacturing facility employees subject to auto-deduction of meal breaks).

20. The Setareh Law Group has been counsel in multiple actions alleging violation

of the standalone disclosure requirement of the FCRA. The litigation in these cases, and the varying results, provide Setareh Law Group with a good ability to assess the value of similar cases. The paragraphs below provide a non-exhaustive summary of that experience as relevant to the ability to assess the value of the settlement in this case.

21.  Setareh Law Group is Class Counsel for the Settlement Class in the case of *Burnthorne-Martinez v. Sephora USA, Inc.*, Northern District of California Case No. 4:16-cv-02843. That case also involves allegations that the defendant in that case obtained background checks using disclosure forms that contained extraneous information. A motion for final approval is pending. The settlement was reached after a class certification motion and motion for summary judgment were fully briefed. The settlement consists of a non-reversionary settlement fund of $750,000 for 11,429 class members or $65.60 per class member.

22.  Setareh Law Group is Class Counsel for the Settlement Class in the case of *Garza v. Brinderson Constructors, Inc.*, Northern District of California Case No. 15-cv-05742-EJD. That case also involves allegedly unlawful disclosure forms containing extraneous information. Preliminary approval has been granted in that case. The settlement was arrived at after a class certification motion was fully briefed. The settlement consists of a non-reversionary settlement fund of $1.5 million with approximately 12,818 class members of $117.02 per class member.

23.  Setareh Law Group is putative class counsel for the proposed Settlement Class in a third FCRA standalone disclosure case in the Northern District of California which recently settled after a class certification motion was fully brief. *Esomonu v. Omnicare, Inc.*, 4:15-cv-02003-HSG. As the terms of that settlement have not been publically disclosed, they are not mentioned here. The case is mentioned as an example of Setareh Law Group's experience in standalone disclosure cases.

24.  The *Brinderson* and *Sephora* cases did not involve any arbitration agreements and in both cases some of the forms at issue contained unambiguous liability releases like the one in *Syed v. M-I LLC*, 853 F.3d 492 (9th Cir. 2017).

25.  The Setareh Law Group has been involved as counsel in two standalone disclosure cases where summary judgment was granted in favour of the defendant. Those cases are *Lewis v. Southwest Airlines*, 2018 WL 400775 (N.D. Tex. January 11, 2018) and *Gilberg v. California Check Cashing Stores, Inc.*, Eastern District of California Case No. 2:15-cv-02309-JAM-AC (summary judgment granted June 13, 2017). Both are cases where the FCRA disclosure form contained extraneous information but not a *Syed* type liability release.

### Settlement Class Period

26. The start date for the proposed settlement class is based on a two year statute of limitations. This is because of the impediment to class certification that a five year class would pose. Pursuant to 15 U.S.C. 1681p(2) a five year class applies when class members did not discover the alleged violation. A five year class would thus raise individualized inquiries into when class members realized a background check was pulled. The end dates of the proposed class correspond to when Defendant introduced new disclosure forms. After examining those forms, I concluded that Defendant had strong arguments that the forms are legally compliant.

### Settlement Administration

27. The Setareh Law Group obtained bids from three settlement administrator. KCC LLC submitted the lowest bid. KCC is also an experienced and reputable settlement administrator.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed April 12, 2018 at Beverly Hills, California.

        ___*/s/ Shaun Setareh*_____
            SHAUN SETAREH
                Declarant