# Exhibit 3

***Marcus Chism, et al. v. Frito-Lay, Inc., et al.***
**United States District Court for the Northern District of California**
**(CASE NO. 3:17-CV-00152 VC)**

# NOTICE OF CLASS ACTION SETTLEMENT

«BarcodeString»
SIMID «SIMID»
**ATTN:** «FirstName» «LastName»
«Address1» «Address2»
«City» «Abbrev» «Zip»

**YOU ARE ESTIMATED TO RECEIVE APPROXIMATELY $40.00 THROUGH THIS CLASS ACTION SETTLEMENT**

**IF YOU WERE AN APPLICANT FOR EMPLOYMENT IN THE UNITED STATES WHO APPLIED FOR A JOB WITH FRITO-LAY NORTH AMERICA, INC. AND ON WHOM A BACKGROUND CHECK WAS CONDUCTED FOR (A) A FRONT-LINE NON-EXEMPT EMPLOYEE POSITION, FROM JANUARY 12, 2015, THROUGH NOVEMBER 7, 2016, AND/OR (B) A SALARIED/EXEMPT POSITION, FROM JANUARY 12, 2015, THROUGH DECEMBER 15, 2016, YOU MAY BE ABLE TO COLLECT MONEY FROM A CLASS ACTION SETTLEMENT.**

*The United States District Court for the Northern District of California authorized this notice. This is not a solicitation.*
*This is not a lawsuit against you and you are not being sued.*

DEFENDANT CANNOT AND WILL NOT RETALIATE AGAINST YOU IN ANY WAY FOR PARTICIPATING IN THIS SETTLEMENT.

- Marcus Chism has sued Defendant on behalf of himself and all other similarly situated employees (the "Action" or "Lawsuit");
- The parties to the Action have reached a tentative settlement, and the Court has preliminarily approved it;
- The settlement resolves the Action;
- Your legal rights are affected whether you act, or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **You Can DO NOTHING** | **You will receive a payment from the settlement.**<br>If you do nothing, you continue your participation in this lawsuit and you will be impacted by the outcome of this case. You will receive a settlement payment; however, you will **lose** any rights to sue Defendant separately about the same legal claims made in this lawsuit. The estimated amount of your Individual Settlement Payment is $40.00. To receive your payment, all you need to do is keep the Settlement Administrator informed of your current mailing address. Once the Court grants final approval of the Settlement, the Settlement Administrator will mail your check to the address on file for you. |
| **You Can ASK TO BE EXCLUDED FROM THE SETTLEMENT** | **If you ask to be excluded from the settlement, you will get no payment from the settlement,** but you will **keep** any rights to sue Defendant separately about the same legal claims made in this lawsuit. **Important: you** |

| **(Deadline: _________, 2018)** | **cannot ask to be excluded <u>and</u> still get a settlement payment.** |
|---|---|
| **You Can OBJECT TO THE SETTLEMENT**<br><br>**(Deadline: ________, 2018)** | If you believe the settlement is not fair, you can submit a written objection ("Notice of Objection") to the Settlement Administrator, and it will be considered by the Court. If you submit an objection, you may also ask to speak in Court about why you think the Settlement is not fair at the time of the Final Approval Hearing. If your objection is overruled by the Court, you will still receive a payment from the settlement, and you will be bound by the terms of this settlement. BUT IF YOU OBJECT TO THE SETTLEMENT, YOU CANNOT ASK TO BE EXCLUDED TOO. |

**THESE RIGHTS AND OPTIONS – AND THE DEADLINES TO EXERCISE THEM – ARE EXPLAINED IN THIS NOTICE.**

The Court is in charge of this case and still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals, if any, are resolved. **Please be patient.**

## 1. Why Did I Get This Notice?

A settlement has been reached in the case entitled *Marcus Chism v. Frito-Lay, Inc.*, which is pending in the United States District Court for the Northern District of California ("Court") ("Action " or "Lawsuit"). The Settlement has been reached on behalf of a proposed Class, which is defined as all applicants for employment in the United States who applied for a job with Frito-Lay North America, Inc. ("Frito-Lay") and on whom background checks were conducted during the "Covered Period" and excluding individual who were members of a separate class in a prior background check class action, *Roe v. Frito-Lay, Inc.*, 4:14-cv-0-0751 HSG (N.D.Ca). The Covered Periods in this action mean (a) for front-line non-exempt positions, the period from January 12, 2015, through November 7, 2016, and (b) for salaried/exempt positions, the period from January 12, 2015, through December 15, 2016.

You have received this Notice because Frito-Lay's records indicate that you applied to Frito-Lay during the Covered Period for a position within the class definition above and had a background check conducted, and therefore, you may be a member of the Class ("Class Member"). The purpose of this notice is to explain the Lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## 2. What is this lawsuit about?

Marcus Chism applied for a position with Frito-Lay and had a background check conducted. ("Named Plaintiff"). He filed this Lawsuit on January 12, 2017. The Lawsuit claimed that Defendant conducted background checks on applicants using disclosure forms that failed to comply with various federal and California laws, including the Fair Credit Reporting Act, the California Investigative Consumer Reporting Agencies Act, and the California Consumer Credit Reporting Agencies Act.

Frito-Lay denies the allegations in the Lawsuit and contends that it has complied at all times with federal and California law. The settlement is not an admission of any wrongdoing by Frito-Lay or an indication that any law was violated.

## 3. Why Is This A Class Action?

In a class action, one or more individuals, called Class Representatives (in this case Named Plaintiff Marcus Chism), sue on behalf of themselves and other people who allegedly have similar claims. The group of people with similar claims is called a "Class." Each person covered by the class definition is a "Class Member." One court resolves the issues for all Class Members, except for those individuals who request to be excluded from the Class. The United States District Court for the Northern District of California is in charge of the case. The lawsuit is known as *Marcus Chism v. Frito-Lay, Inc., et al.*, Case No. 3:17-cv-00152 VC.

## 4. Why is There a Settlement?

The Court has not decided in favor of Named Plaintiff or Defendant. Named Plaintiff thinks he could have won at trial. Defendant thinks the Named Plaintiff would not have won anything. But there was no trial. Instead, both sides agreed to a no-fault settlement of the Lawsuit ("Settlement"). That way, they avoid the cost of a trial, and the individuals potentially affected will get compensation. The Named Plaintiff and Class Counsel think that the settlement is best for the Class.

## 5. How Do I Know If I Am Part Of The Settlement?

The Court has decided that anyone who applied for employment with Frito-Lay during the Covered Periods, inclusive, is a Class Member.

## 6. What Does the Settlement Provide?

The proposed Settlement provides for a cash payment by Defendant of $2,400,000.00 (referred to as the "Maximum Settlement Amount") to fully and finally resolve all claims in the Action. The total amount to be distributed to Class Members who can be located and who do not exclude themselves from the settlement will be the value of the Maximum Settlement Amount after deducting for the following (the "Net Settlement Amount"): (a) Settlement Administrator Costs (estimated at $ ___________); (b) a Class Representative Service Award to the Named Plaintiff not to exceed $5,000.00 for his work and efforts in prosecuting this case, and for undertaking the risks of costs (in the event the outcome of this Action was not favorable) and a general release of all claims; (c) Class Counsel's attorney's fees not to exceed $800,000.00; and (d) Class Counsel's actual litigation costs and expenses as supported by declaration and not to exceed $35,000.00. Each individual class member will receive a minimum cash payment in the gross amount of $40.00. **Class Counsel's attorney's fees and costs and Plaintiffs' Service Awards remain subject to Court approval.**

No portion of the Net Settlement Amount will be returned to Frito-Lay under any circumstances.

## 7. How much will my Individual Settlement Payment be?

Individual class members will receive a minimum cash payment in the amount of $40.00. That amount could increase based on returned or un-cashed check payments for those class members for whom Frito-Lay does not have valid addresses and for whom the Settlement Administrator is unable to locate a valid address. If you cash your check you may receive a second check representing a pro rata share of funds from uncashed checks.

## 8. How do I get a payment?

To qualify for payment, you need not do anything. The Settlement Administrator will mail you a check after the court enters a judgment based on this Settlement, although that time could possibly be later depending on whether there is any appeal of the judgment entered by the court.

## 9. What Am I Giving Up to Get an Individual Settlement Payment?

Unless you request to be excluded from the Settlement you will be deemed a Settlement Class Member. If the Court grants the Settlement final approval, Settlement Class Members will not be able to sue, continue to sue, or be part of any other lawsuit against Frito-Lay about the legal issues arising in this case during the Covered Period. Specifically, you will be giving up or "releasing" the claims described below:

**Release of Claims**: After the Court has approved the Settlement, each Settlement Class Member will release Frito-Lay and its past, present and/or future, direct and/or indirect, officers, directors, members, managers, employees, agents, representatives, attorneys, insurers, partners, investors, shareholders, administrators, parent companies, subsidiaries, affiliates, divisions, predecessors, successors, assigns, and joint venturers ("Released Parties"), from all claims alleged in the Complaint and any known or unknown claims that were or could have been alleged based on the specific facts alleged in the Plaintiffs' Complaint. This includes claims for (1) Violation of 15 U.S.C.§§ 1681b(b)(2)(A) (Fair Credit Reporting Act); (2) Violation of 15 U.S.C. §§ 1681d(a)(1) and 1681g(c) (Fair Credit Reporting Act); (3) Violation of California Civil Code § 1786 et seq. (Investigative Consumer Reporting Agencies Act); (4) Violation of California Civil Code § 1785 et seq. (Consumer Credit Reporting Agencies Act); (5) Violation of 15 U.S.C. §1681b(b)(1)(A) (Fair Credit Reporting Act) ("Released Claims"). The period of the Released Claims shall extend to the limits of the Covered Periods. The res judicata effect of the Final Order and Judgment will be the same as that of the Released Claims.

## 10. How Do I Exclude Myself From The Settlement?

If you do not wish to participate in the Settlement, you should exclude yourself from (or "opt out" of) the Settlement. To exclude yourself from the Settlement, you must send a timely and valid written request for exclusion to the Settlement Administrator. The letter must state in substance: "I wish to opt out of the settlement of the class action lawsuit entitled *Marcus Chism v. Frito-Lay, Inc., Case No. 3:17-cv-00152 VC*, filed in the United States District Court for the Northern District of California."

Be sure to include your name, address, telephone number, last four digits of your Social Security number, and your signature. To be timely, any request for exclusion must be mailed or faxed to the Settlement Administrator, postmarked or fax-stamped on or before __________, 2018, to the following address or fax number:

Frito-Lay Class Action Settlement
[Settlement Administrator]
[Address]
[Fax Number]

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendant in the future.

## 11. If I Don't Exclude Myself, Can I Sue Defendant Or Get Money From The Settlement?

If you do not exclude yourself from the settlement, you cannot sue Defendant for any of the claims that this settlement resolves. If you have a pending lawsuit against the Defendant, speak to your lawyer in that case immediately. You must exclude yourself from this case to continue on your own lawsuit. Remember, the exclusion deadline is _________, 2018.

Similarly, if you exclude yourself from this settlement, you cannot get money from this settlement. But, if you do exclude yourself, you may sue, continue to sue, or be part of a different lawsuit against Defendant.

## 12. How do I tell the Court that I don't like the Settlement?

If you do not think the Settlement is fair, you can object to the Settlement and tell the Court that you do not agree with the Settlement or some part of it. If you object in time and follow the following procedures, the Court will consider your views when deciding whether to grant final approval of the Settlement. You may object to the proposed settlement in writing. You may also appear at the Final Approval Hearing, either in person or through an attorney at your own expense, provided you notify the Settlement Administrator of your intent to do so.

To object to the Settlement, you must mail a written statement of objection ("Notice of Objection") to theClass Action Clerk, United States District Court for the Northern District of California, 450 Golden Gate Avenue or by filing it in person at any location of the United States District Court for the Northern District of California, , postmarked or file-stamped no later than [Response Deadline].

To be valid, a Notice of Objection must contain all of the following: (1) your signature; (2) your full name; (3) your address; (4) the case name and number (*Marcus Chism v. Frito-Lay, Inc.., Case No. 3:17-cv-00152 VC*); (5) the last four digits of your Social Security number; (6) a clear statement indicating that you wish to object to the Settlement; (7) the basis for your objection; and (8) whether or not you intend to appear at the Final Approval Hearing.

The Court may hear your objection even if you have not complied with these requirements, either because you have shown good cause for noncompliance, or because you have substantially complied.

## 13. What Is The Difference Between Objecting And Excluding?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be a Settlement Class Member. If you exclude yourself, you have no basis to object because the case no longer affects you. However, if you file an objection, you will still receive settlement benefits under the settlement, if it is approved by the court.

## 14. Do I have a lawyer in this case?

The Court decided that the law firm of Setareh Law Group is qualified to represent you and all Class Members. You will not be charged for these lawyers. These law firms are referred to as "Class Counsel." If you want to be represented by your own lawyer, you may hire one at your own expense.

## 15. How Will The Attorneys For The Class and Class Representative Be Paid?

The attorneys for the Named Plaintiffs and the Settlement Class will be paid from the $2,400,000.00 Maximum Settlement Amount. Class Counsel will ask for up to $800,000.00 in attorney's fees and for actual litigation

costs incurred up to $35,000, the actual amount of which will be determined by the Court at the Final Approval Hearing (see section 16 below for details). Class Members (like you) do not have to pay the fees and costs of Class Counsel. **If you elect, however, to hire your own lawyer, you have to make your own arrangements to compensate your lawyer.**

**Class Counsel's Motion for Attorney Fees, Expenses, Settlement Administration Expenses and Class Representative Service Award will be posted on www_________.com by _____.**

If approved by the Court, a Class Representative Service Award payment for the Named Plaintiff of an amount up to $5,000.00 will be paid from the Maximum Settlement Amount for his service.

## 16. Notice of Hearing on Final Approval and Objections to Class Action Settlement.

You are hereby notified that a Final Approval Hearing will be held before the Honorable Vince Chhabria, on _______________, 2018 at ______ a.m./p.m., in Courtroom 4, 17th Floor, of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, 94102, to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be finally approved by the Court. The Court may adjourn or continue the hearing from time to time, without further notification, as the Court may direct.

Once final approval is granted by the Court, the Court will enter judgment against Defendant, and all Class Members who have not requested exclusion will be deemed to have waived and released the Released Parties from the Released Claims for the Covered Period (*See* Section 9).

## 17. How Do I Get More Information?

This Notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by contacting Class Counsel, Shaun Setareh or Thomas Segal of the Setareh Law Group, at (310) 888-7771. You can also review the Settlement Agreement and other settlement documents at www________.com.

**WHAT IF I HAVE QUESTIONS?**

If you have any questions about the Settlement, you may contact the Settlement Administrator:

*Chism v. PepsiCo, Inc., Frito-Lay, Inc., et al.*
c/o [Settlement Administrator]
Address
City, CA, Zip
Toll-Free Phone Number: [insert]

## 18. Information Regarding the Court and Attorneys for the Parties:

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| United States District Court for the Northern District of California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | SETAREH LAW GROUP<br>Shaun Setareh<br>Thomas Segal<br>9454 Wilshire Blvd., Suite 907<br>Beverly Hills, CA 90212 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>Stephen R. Woods<br>Thomas M. McInerney<br>Steuart Tower, Suite 1300 |

| | (310)888-7771<br>shaun@setarehlaw.com | One Market Plaza<br>San Francisco, CA 94105 |
|---|---|---|

PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION ABOUT THIS SETTLEMENT OR THE SETTLEMENT PROCESS.

PLEASE DO NOT CONTACT DEFENDANT, ITS MANAGERS, OR ATTORNEYS FOR INFORMATION ABOUT THIS SETTLEMENT OR THE SETTLEMENT PROCESS.

32420520.1