UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS CHISM,<br><br>    Plaintiff,<br><br>  v.<br><br>FRITO-LAY, INC., et al.,<br><br>    Defendants. | Case No. 17-cv-00152-VC<br><br>**ORDER RE PRELIMINARY APPROVAL MOTION**<br><br>Re: Dkt. No. 88 |

   The parties should be prepared to discuss the following issues regarding the procedure to notify class members of the proposed settlement at tomorrow's hearing:

   1. The parties do not address whether notice by email would be feasible. Given that many of the proposed class members appeared to apply for positions at Frito-Lay, Inc. online, it seems likely that Frito-Lay already has email contact information for most, if not all, of the proposed class members. If Frito-Lay has email contact information, perhaps the best practicable notice under the circumstances would also include notice via email.

   2. The parties do not address whether exclusions and objections could be done online through the settlement website. The parties should be prepared to explain why exclusions and objections should not be accepted via the settlement website, or be prepared to modify their proposed procedure to include this means of filing objections and exclusions.

   3. The settlement agreement states that the postcard notice "shall also inform Settlement Class Members that in order to receive an Individual Settlement Payment, they do not need to do anything except keep the Settlement Administrator apprised of their current mailing address." Dkt. No. 88-3, Settlement Agreement at 13. But the proposed postcard notice does not provide

this warning, and the parties do not appear to have provided the proposed class members with any means to notify the administrator of a change of address.

    4. The proposed exclusion form requires a significant amount of personal information, including the last four digits of the proposed class member's social security number. Dkt. No. 86-6, Request for Exclusion at 1; *see also* Dkt. No. 88-4, Long-Form Notice at 4 (noting need to provide "name, address, telephone number, [and] last four digits of your Social Security number" to effect exclusion). The exclusion form also requires the proposed class member to certify, among other things, that "I have carefully read the Notice of Class Action Settlement (both the shorter postcard version I received in the mail and the longer version on the website) . . . ." Dkt. No. 86-6, Request for Exclusion at 2. The Northern District's guidance states that the "notice should instruct class members who wish to exclude themselves from the settlement to send a letter only to the settlement administrator, setting forth their name and a statement that they request exclusion from the class and do not wish to participate in the settlement. It should not require extraneous information not needed to effect an exclusion." N.D. Cal. Procedural Guidance for Class Action Settlements (2018), https://www.cand.uscourts.gov/ClassAction SettlementGuidance [https://perma.cc/X6CF-6BFK]. The parties should be prepared to address whether the personal information requested and the proposed certification are necessary.

    5. The postcard notice should "clearly state that the date [of the final approval hearing] may change without further notice to the class. Class members should be advised to check the settlement website or the Court's PACER site to confirm that the date has not been changed." *Id.*

**IT IS SO ORDERED.**

Dated: April 25, 2018

_____
VINCE CHHABRIA
United States District Judge