Shaun Setareh (SBN 204514)
    shaun@setarehlaw.com
Thomas Segal (SBN 222791)
    thomas@setarehlaw.com
**SETAREH LAW GROUP**
9454 Wilshire Boulevard, Ste. 907
Beverly Hills, California 90212
Tel:    (310) 888-7771
Fax:   (310) 888-0109

Attorneys for Plaintiff,

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS CHISM, an individual on behalf of himself, all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PEPSICO, INC, a North Carolina Corporation; FRITO-LAY, INC a Delaware Corporation; FIRST ADVANTAGE BACKGROUND SERVICES CORP, a Florida Corporation and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 3:17-cv-00152-VC<br><br>**DECLARATION OF SHAUN SETAREH IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT ; AWARD OF ATTORNEY FEES AND EXPENSES; CLASS REPRESENTATIVE SERVICE AWARD; SETTLEMENT ADMINISTRATOR EXPENSES**<br><br>*HearinM Information*<br>Date:           September 6, 2018<br>Time:           10:00am.<br>Courtroom:  4 17th Floor<br>Judge:          Hon. Vince Chhabria |

## DECLARATION OF SHAUN SETAREH

I, SHAUN SETAREH, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California, and an attorney of record for Plaintiff Marcus Chism ("Plaintiff") in his action against Frito-Lay, Inc. ("Frito-Lay" or "Defendant"). Except for those matters stated on information and belief, which I am informed and believe to be true and correct, I have personal knowledge of all matters set forth herein. If called as a witness, I could and would competently testify thereto under oath.

### Plaintiff's Investigation and Discovery

2. On January 12, 2017, Plaintiff filed a putative class action lawsuit entitled *Marcus Chism v. Pepsico Inc,* Case No. 3:17-cv-00152-VC, in the United States District Court for the Northern District of California. ECF No. 1. Plaintiff's operative complaint alleges claims for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. and related California law claims. Plaintiff alleges that Frito-Lay used disclosure forms in connection with applications for employment that violated the FCRA by including extraneous information. The case has been prosecuted diligently for more than a year. Plaintiff's counsel's investigation included meeting with Plaintiff, conducting legal research and analysis of the applicable law as applied to the facts discovered regarding Plaintiffs claims and the defenses thereto and analyzing Defendant's potential liability exposure.

3. As part of the investigation, Plaintiffs counsel also has conducted a study and investigation of the law and facts relating to the claims that were asserted and that could have been asserted, as well as a study and investigation of the scope and identity of the settlement class, and has concluded, taking into account the benefits of this settlement, and the risks and delays of further litigation, as well as the strengths and weakness of Plaintiffs claims and Frito-Lay's defenses, that this settlement is fair, reasonable, and adequate, and in the best interests of the Plaintiff and all members of the classes affected by it.

4. Plaintiffs counsel also reviewed Frito-Lay's background check policies and the actual background check disclosure and authorization forms of those who applied for employment at Frito-Lay during the class period.

5. Plaintiffs counsel thoroughly analyzed the evolving, and often conflicting case law governing FCRA class actions as well as other types of actions including the related Fair and Accurate Credit Transaction Act where "willfulness" and "proof of actual injury" are often disputed. All of this review and investigation allowed Plaintiffs counsel to structure a

settlement that provides benefits directly to the persons who were required to use the allegedly unlawful forms.

6. Plaintiff propounded Interrogatories and Requests for Production of Documents, to which Defendant responded.

7. The first mediation session in this case occurred in San Francisco conducted by mediator Michael Dickstein on September 12, 2017. The case did not settle at that mediation.

8. On November 16, 2017, the parties participated in a second mediation session by video-conference. At both mediations, the parties extensively discussed their views of the strengths and weaknesses of the case including the merits and also the motion to compel arbitration and motion to transfer that were filed after the first mediation. After the second mediation, mediator Michael Dickstein made a mediator's proposal which the parties accepted.

9. Based on the information obtained through informal discovery, as well as the stage of the proceedings, Plaintiff and his counsel had sufficient information to intelligently evaluate Defendant's potential exposure to the Class in view of the risks of continued litigation. I believe that the proposed settlement is fair, reasonable and adequate.

**The Parties Settled After Arm's Length Discussions**

10. The proposed Settlement was the culmination of discussions between the parties following a thorough analysis of the pertinent facts and law at issue. Plaintiff obtained formal and informal discovery including documents pertaining to background checks. Following these negotiations, the parties were able to reach an agreement on all material terms of the proposed relief to the class. Only after the parties had reached this agreement did they negotiate attorneys' fees, costs and incentive awards. Ultimately, the parties reached an agreement on these terms as well, formalizing all terms in the Settlement Agreement.

14. A true and correct copy of the Parties' Settlement Agreement ("Settlement") is attached hereto as Exhibit 1.

**Experience of Counsel/ Attorney Fees and Expenses**

15. My firm and I, as a partner at Setareh Law Group, are well-experienced class action attorneys. I, along with the senior attorney assigned to this case, Thomas Segal, have considerable experience in class action litigation including employment and Fair Credit Reporting Act cases.

16. I have been involved as lead or co-lead class counsel in numerous labor and employment cases. The following is a sampling of class actions in which I have been appointed as class counsel both for a settlement class and after a contested motion:

a. *Fronda v. Stafftnark, U.S.* District Court, Northern District of California, Case No. 15-CV-02315-MEJ (granted final approval in a case involving alleged uncompensated security checks for warehouse workers).

b. *Ortiz v. Randstad., U.S.* District Court, Nothernl District of California Case No. 13-CV-05050-MMC (granted fmal approval in a case involving, among other things, failure to provide meal and rest periods).

c. *Valencia v. SCIS Air Security Corp.,* Los Angeles Superior Court, Case No. BC421485 (granted class certification through contested motion in case on behalf of former security workers based on late final wage payments in violation of Labor Code §§ 201-203).

d. *Sandoval v. Rite Aid Corp.,* Los Angeles County Superior Court, Case No. BC431249 (granted class certification through contested motion in case on behalf of former pharmacy employees based on late final wage payments in violation of Labor Code §§ 201-203; subsequently granted final approval of class action settlement).

e. *Utne v. Home Depot,* Northern District of California Case No. 3:16-cv-01854-RS (granted class certification through contested motion in case on behalf of retail store employees allegedly required to work off the clock).

f. *Wilson v. TE Connectivity,* Northern District of California Case No. 3:14-cv-04872-EDL (granted class certification through contested motion in case on behalf of manufacturing facility employees subject to auto-deduction of meal breaks).

17. The Setareh Law Group has been counsel in multiple actions alleging violation of the standalone disclosure requirement of the FCRA. The litigation in these cases, and the varying results, provide Setareh Law Group with a good ability to assess the value of similar cases. The paragraphs below provide a non-exhaustive summary of that experience as relevant to the ability to assess the value of the settlement in this case.

18. Setareh Law Group is Class Counsel for the Settlement Class in the case of *Burnthorne-Martinez v. Sephora USA, Inc.,* Northern District of California Case No. 4:16-cv-02843. That case also involves allegations that the defendant in that case obtained background checks using disclosure forms that contained extraneous information. A motion for final approval is pending. The settlement was reached after a class certification motion and motion for summary judgment were fully briefed. The settlement consists of a non-reversionary

settlement fund of $750,000 for 11,429 class members or $65.60 per class member.

19. Setareh Law Group is Class Counsel for the Settlement Class in the case of *Garza v. Brinderson Constructors, Inc.,* Northern District of California Case No. 15-cv-05742-EJD. That case also involves allegedly unlawful disclosure forms containing extraneous information. Preliminary approval has been granted in that case. The settlement was arrived at after a class certification motion was fully briefed. The settlement consists of a non-reversionary settlement fund of $1.5 million with approximately 12,818 class members of $117.02 per class member.

20. The *Brinderson* and *Sephora* cases did not involve any arbitration agreements and in both cases some of the forms at issue contained unambiguous liability releases like the one in *Syed v. M-I LLC,* 853 F.3d 492 (9th Cir. 2017).

21. The Setareh Law Group has been involved as counsel in two standalone disclosure cases where summary judgment was granted in favour of the defendant. Those cases are *Lewis v. Southwest Airlines,* 2018 WL 400775 (N.D. Tex. January 11, 2018) and *Gilberg v. California Check Cashing Stores, Inc.,* Eastern District of California Case No. 2:15-cv-02309-JAM-AC (summary judgment granted June 13, 2017). Both are cases where the FCRA disclosure form contained extraneous information but not a *Syed* type liability release.

22. The Setareh Law Group has been counsel in a significant number of cases involving arbitration agreements. The following are examples of cases that were effectively ended because a motion to compel arbitration was granted:

a) *Ortiz v. Hobby Lobby Stores, Inc.,* Case No. 2:13-cv-01619. Motion to compel individual arbitration granted September 30, 2014.

b) *Jefferson v. ABM Janitorial Services-South Central, Inc.,* Case No RG16832708 (Alameda County Superior Court): Motion to compel individual arbitration granted in putative wage and hour class action on March 14, 2017

c) *Perry v. John Stewart Company,* Case No. CGC-17-558785 (San Francisco Superior Court): Ordered to individual arbitration.

d) *Perez v. Ensign Services, Inc.* Case No. BC652450 (Los Angeles Superior Court) Motion to compel individual arbitration granted on September 15, 2017.

*e) Bailey v. Sectran Security Inc.,* Case No. BC659813 (Los Angeles Superior Court) Motion to compel individual arbitration granted on May 1, 2017.

*f)Hernandez v. San Gabriel Temporary Staffing Services,* LLC, 2018 WL 1582914 (Northern District of California) motion to compel individual arbitration of FCRA claims granted on April 2, 2018).

23. The attorneys who billed time to this matter are attorney Shaun Setareh who has an hourly rate of $750 an hour, attorney Thomas Segal (a 2002 graduate of the University of California Hastings College of the Law) who has an hourly rate of $650 an hour, attorney Farrah Grant (a 2013 graduate of UCLA Law School) who has an hourly rate of $450 an hour, and attorney William Pao (a 2002 graduate of Loyola Law School) who has an hourly rate of $450 an hour. Mr. Segal has practiced plaintiff's side class action litigation since 2005, has argued appeals to the California Court of Appeal and the Ninth Circuit, and has been a member of the trial team in two class action trials that resulted in judgments in favour of the plaintiff class. Ms. Grant has practiced exclusively in plaintiff's side employment litigation since 2014. Mr. Pao has spent most of his career advising employers on compliance with employment law, but now works as a plaintiff's side employment litigator.

24. The firm's total lodestar in this matter is $396,112.5. The timekeepers on this matter and the hours and hourly rates are set forth below:

| Attorney | Bar Date | Hourly Rate | Hours | Lodestar |
|---|---|---|---|---|
| Shaun Setareh | 1999 | $750 | 251.25 | $188,437.5 |
| Thomas Segal | 2002 | $650 | 242.25 | $159,412.50 |
| Farrah Grant | 2013 | $450 | 96.50 | $43,425 |
| William Pao | 2002 | $450 | 10.75 | 4,837.50 |

25. Setareh Law Group represented Plaintiff and the Settlement Class on a contingent basis with no guarantee of payment.

**Litigation** Expenses

26. A true and correct copy of an itemization of the expenses incurred in this case prepared by Setareh Law Group's bookkeeper is attached hereto as Exhibit 2. Those costs total $24,408.53. I estimate that at least an additional $900 will be incurred travelling to the Final Approval hearing, including a flight, hotel, Uber charges, and meal charges. Therefore, Plaintiff

provisionally requests $25,308.53 in litigation expenses.

**Settlement Administration Expenses**

27. In my experience, the charges of the Settlement Administrator KCC (based on the represented $110,000 cost) are reasonable given the class size and the work involved in administering the settlement.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge. Executed July 9, 2018 at Beverly Hills, California.

*/s/ Shaun Setareh*
SHAUN SETAREH
Declarant

6
DECLARATION OF SHAUN SETAREH IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT