SHAUN SETAREH (SBN 204514)
shaun@setarehlaw.com
THOMAS SEGAL (SBN 222791)
thomas@setarehlaw.com
SETAREH LAW GROUP
9454 Wilshire Boulevard, Suite 907
Beverly Hills, California  90212
Telephone:   (310) 888-7771
Facsimile:    (310) 888-0109

Attorneys for Plaintiff,
MARCUS CHISM

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS CHISM, on behalf of himself, all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>PEPSICO, INC., a North Carolina Corporation; FRITO-LAY, INC., a Delaware Corporation; FIRST ADVANTAGE BACKGROUND SERVICES CORP., a Florida Corporation; and DOES 1 to 100, Inclusive,<br><br>        Defendants. | Case No. 3:17-cv-00152-VC<br><br>AMENDED [~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AWARD OF ATTORNEY FEES AND EXPENSES, SETTLEMENT ADMINISTRATOR EXPENSES, AND CLASS REPRESENTATIVE SERVICE AWARD<br><br>Date: September 6, 2018<br>Time: 10:00am<br>Place: Courtroom 4, 17th Floor |

1  Plaintiff's Motion for Final Approval of Class Action Settlement came for hearing before
2 this Court on September 6, 2018. The Court hereby determines and orders as follows:
3  1. The Settlement Agreement is hereby finally approved.
4  2. The Court finds that the proposed Settlement is "fair, reasonable and adequate"
5 based on the value of the claims in the case, the monetary value of the proposed settlement and the
6 risks that the plaintiffs would face in proceeding with litigation. The Settlement was arrived at after
7 sufficient investigation and discovery and was based on a mediator's proposal from an experienced
8 mediator. It appears that the settlement negotiations were at arms-length.
9  3. The Court finds that the Notice Plan approved (as modified by the Court including
10 the addition of email notice) has been fully implemented. The Notice Plan complies with F.R.C.P.
11 23(c)(2)(B). It constituted the best practicable notice; was reasonably calculated, under the
12 circumstances to inform Settlement Class Members of the pendency of this case, and of their right
13 to exclude themselves or object to the Settlement and to appear at the Final Approval Hearing; and
14 was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive
15 notice.
16  4. The Court finds and determines that the Class, as conditionally certified by the
17 Preliminary Approval Order meets all of the legal requirements for class certification for settlement
18 purposes only under F.R.C.P. 23(a) and 23(b)(3) and it is hereby ordered that the class is finally
19 certified for settlement purposes.
20  5. Without affecting the finality of this order in any way, the Court retains jurisdiction
21 of all matters relating to the interpretation, administration, implementation, effectuation and
22 enforcement of this order and the Settlement.
23  5. The Parties and the Settlement Administrator will comply with all obligations under
24 the Settlement Agreement.
25  6. The Court finds that the proposed service award is fair reasonable and adequate and
26 orders an award of $5000 to be paid out of the Settlement Fund to Marcus Chism.
27  7. The Court awards to Class Counsel attorney's fees in the amount of $600,000 to be
28 paid out of the Settlement Fund. Consistent with the Settlement Agreement, this award is

contingent upon all class members who do not request exclusion each being mailed a check of at least $40 each in the first settlement distribution. If it is necessary to reduce the attorney fee award to ensure that all class members who do not request exclusion are mailed a check of at least $40 each in the first settlement distribution, the award will be reduced accordingly.

8. Noting that the Ninth Circuit's benchmark for percentage-of-the recovery awards is 25% the Court finds that a 25% fee award is fair and reasonable based upon the following factors: (1) the results obtained in the case are excellent in comparison to settlements in similar cases; (2) the considerable risk at the outset of the case that Class Counsel would recover nothing given the presence of an arbitration agreement and the uncertain and evolving case law surrounding the FCRA; (3)the financial burden taken on by Class Counsel in litigating the case on a contingent basis.

9. 10% of the attorney fee award will be held back pending the filing of a Notice of Completion of Duties by Class Counsel along with accompanying declarations from Class Counsel and the Settlement Administrator, after substantially all of the settlement payments have been distributed and administration of the settlement is substantially complete. The notice should explain in detail when payments were made to class members, the number of members who were sent payments, the total amount of money paid out to members, the number of cashed and uncashed checks, the number of members who could not be contacted (if any), any significant or recurring concerns communicated by members to the settlement administrator and counsel since final approval, and any other issues in settlement administration since final approval, and how any concerns or issues were resolved. Class Counsel are expected to diligently supervise the administration of the settlement and remain in close contact with the settlement administrator.

10. The Court awards Class Counsel's litigation expenses in the amount of $25,308.53. Counsel have adequately documented these expenses, all of which are compensable litigation expenses that were advanced for the benefit of the Class.

//

//

//

11. The Court awards the Settlement Administrator KCC settlement administration expenses in the amount of $110,000.

Dated: September 11, 2018

_____
The Honorable Vince Chhabria